H. S. ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78683. Promulgated November 3, 1936.

*Marshall D. Hall, Esq.*, and *George M. Thompson, C. P. A.*, for the petitioner.

*Francis L. Van Haaften, Esq.*, for the respondent.

OPINION.

STERNHAGEN: On his return for 1931 the petitioner deducted the remainder of an alleged net loss carried over from 1929. Revenue Act of 1928, sec. 117. The Commissioner in the notice of deficiency revised the 1929 net loss by a reduction of $28,010 representing the

Mexican gambling gains. The Commissioner ignored the Florida gambling losses in 1929, and the petitioner assails the computation as not truly reflecting his 1929 income or loss. There is no dispute about the facts. The controversy turns upon the proper treatment, as a matter of law, of the Florida gambling losses, more particularly because gambling in Florida is prohibited by law. Compiled General Laws of Florida, secs. 7666 and 7669.

The petitioner disavows any claim for a deduction of either the whole amount of his Florida losses or the excess of such losses above the amount of his Mexican gains. In this disclaimer his position follows earlier decisions to the effect that losses in illegal transactions and expenses of an illegal business may not be recognized among deductions in the computation of taxable net income. *Great Northern Railway Co.* v. *Commissioner* (C. C. A., 8th Cir.), 40 Fed. (2d) 372; certiorari denied, 282 U. S. 855; *Burroughs Building Material Co.* v. *Commissioner* (C. C. A., 2d Cir.), 47 Fed. (2d) 178; *Chicago, Rock Island & Pacific Railway Co.* v. *Commissioner* (C. C. A., 7th Cir.), 47 Fed. (2d) 990; certiorari denied, 284 U. S. 618; *Terminal Railroad Association of St. Louis* v. *Commissioner* (C. C. A., 8th Cir.), 61 Fed. (2d) 166; certiorari denied, 288 U. S. 604, 607; *Gould Paper Co.* v. *Commissioner* (C. C. A., 2d Cir.), 72 Fed. (2d) 698; *Sarah Backer et al., Executors*, 1 B. T. A. 214; *James P. McKenna*, 1 B. T. A. 326; *Mitchell M. Frey, Jr., et al., Executors*, 1 B. T. A. 338; *Norvin R. Lindheim*, 2 B. T. A. 229; *M. L. Heide*, 2 B. T. A. 451; *John Stephens*, 2 B. T. A. 724; *Columbus Bread Co.*, 4 B. T. A. 1126; *Wolf Manufacturing Co.*, 10 B. T. A. 1161; *Atlantic Terra Cotta Co.*, 13 B. T. A. 1289; *Bonnie Brothers, Inc.*, 15 B. T. A. 1231; *M. Rea Gano*, 19 B. T. A. 518, 529; *E. F. Simms*, 28 B. T. A. 988, 1034; *Lawrence A. Wagner*, 30 B. T. A. 1099. Whether this disclaimer is likewise supported by the fact that the loss was incident to recreation and, therefore, not to a transaction entered into for profit, it is not necessary to consider. See *Beaumont* v. *Helvering*, 73 Fed. (2d) 110; certiorari denied, 294 U. S. 715, and *Citizens & Southern National Bank* v. *United States* (Ct. Cls.), 14 Fed. Supp. 915.

The petitioner's contention is that, aside from the question of his right to include the Florida loss directly among his deductions, he is in any event entitled to treat such loss as wiping out his Mexican gain, and thus precluding the Commissioner's inclusion of such gain within his 1929 income. There is, in our opinion, no greater reason to permit the application of the losses in illegal gambling to offset the gains from legal gambling than there is for their direct deduction. It is now established without any conflicting decisions that the illegality of the occupation or the transactions in which a taxpayer engages deprives him of any claim to the use of losses or expenses in reducing his taxable net income. In *Burroughs Building Material*

*Co.* v. *Commissioner, supra,* the court approved the disallowance of expenses of an unlawful act, and succinctly said: "The disallowance may properly rest on a refusal to sanction expenditures of such a character as we have here on grounds of public policy." In *Terminal Railroad Association of St. Louis* v. *Commissioner, supra,* the court said in respect of the deductibility of penalties imposed for a violation of statute: "It cannot be that Congress intended the carrier should have any advantage, directly or indirectly, or any reduction, directly or indirectly, of these penalties." In *Lawrence A. Wagner, supra,* the Board sustained the disallowance of a deduction of loss in a usurious business "upon the ground of public policy," and said also in *M. Rea Gano, supra,* as to the deduction of an illegal gambling loss: "Merely to state the true character of the deduction is to demonstrate that it is not allowable." Since illegality is the underlying and controlling factor upon which these prior decisions have been based, the illegality of gambling in Florida must operate no less to deprive the petitioner of the treatment of his Florida losses to wipe out his Mexican gains and thus enlarge the 1929 net loss which he may carry over to reduce his 1931 taxable income. Consistently with prior authority, the determination of the respondent must be sustained.

*Judgment will be entered for the respondent.*