CHESTER F. CHAPIN, Plaintiff, *v*. JAMES M. AUSTIN, Defendant.

Supreme Court, Nassau County, November 26, 1937.

*John J. Niemann,* for the plaintiff.

*Choate, Larocque & Mitchell [Theodore I. Colyer* of counsel], for the defendant.

HOOLEY, J. The first defense is that the paper sued upon was intended to be a receipt and that it was not intended that defendant be personally liable thereon. The second defense is that the note was made as a part of an illegal transaction, *i. e.,* the financing of a bookmaking business. The court finds that the transaction between the parties was as testified to by the plaintiff and not as testified to by the defendant and his witnesses. There was no partnership between plaintiff and defendant. Defendant borrowed the money and gave his promissory note therefor. The first defense, therefore, fails. The only question remaining is whether a plaintiff who has knowledge that defendant intends to finance a bookmaker may recover money loaned for that purpose. Every consideration of fair dealing demands that this plaintiff should recover upon the note in question. The real wrongdoer was the defendant. He is the one who entered into the bookmaking business. He uses his illegal transaction to protect him when called upon to pay the money he borrowed. The court would not aid him in this attempt were it not for the provisions of section 993 of the Penal Law. This section provides in part as follows:

" § 993. Securities for money lost at gaming void. All things in action, judgments, mortgages, conveyances, and every other security whatsoever, given or executed, by any person, where the whole or any part of the consideration of the same shall be for any money or other valuable thing won by playing at any game whatsoever, or won by betting on the hands or sides of such as do play at any game, *or where the same shall be made for the repaying any money knowingly lent or advanced for the purpose of such gaming or betting aforesaid,* or lent or advanced at the time and place of such play, to any person so gaming or betting aforesaid, or to any person who, during such play, shall play or bet, shall be utterly void, except where such securities, conveyances or mortgages shall affect any real estate, when the same shall be void as to the grantee therein, so far only as hereinbefore declared." (Italics mine.)

The Constitution of the State of New York prohibits gambling (Art. 1, § 9). The fact that the Legislature has seen fit in the case of the making, registering or recording bets or wagers (better known as bookmaking) at the racetrack, to make the only penalty therefor the forfeiture of the money wagered, to be recovered in a civil action (Penal Law, § 986; Uncons. Laws, § 1141), does not make such bookmaking legal. If section 1141 were construed to

make bookmaking at the racetrack legal, it would be unconstitutional. Hence, bookmaking at the racetrack is gaming or gambling, and is illegal. Clearly, then, the loaning of the money herein to defendant with the knowledge that it was to be used to finance a bookmaker was the loaning of money with the knowledge that it was to be used for gaming or gambling, and the transaction is within the purview of section 993 of the Penal Law aforesaid. Likewise, pursuant to that section, the note is void.

The plaintiff relies to some extent upon sections 525 and 602 of the Restatement of the Law of Contracts. The difficulty with this contention is that under the New York Annotations to the aforesaid Law of Contracts it states, pertaining to section 525, as follows: " *No decision involving the qualification in the last clause of subsection (1) [the pertinent part herein] has been found. The language of Penal Law, section 993, is very broad, and may not admit of this qualification.*"

The difficulty with section 602 is that it expressly contemplates that a statute may prohibit recovery because it recites " or unless a statute prohibits recovery." Section 993 of the Penal Law is the statute that prohibits recovery in this case.

The claim of the plaintiff that delivery of the note was complete at the time of the loan transaction and that, therefore, parol testimony may not be introduced to vary, contradict or modify the terms thereof, would be good were it not for the illegality herein involved. The cases cited by plaintiff are sound law but in none of those cases is there any question of illegal consideration. The parol evidence is admissible either to establish or disprove the validity of an agreement which is attacked on the ground of illegality of subject-matter or consideration. (See Richardson on Evidence [4th ed.], §§ 426 and 429, and cases cited.)

It follows from the foregoing that the testimony with respect to the entire transaction was admissible. It follows further that the note herein was a security within the contemplation of section 993 of the Penal Law, and that the same was void and that there can be no recovery thereon.

The defendant's motion for judgment dismissing the complaint is granted. All other motions denied. Thirty days' stay and sixty days to make a case.