CARL D. and NELLIE G. POEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poen v. Commissioner
Docket No. 3040-78.
United States Tax Court
T.C. Memo 1979-226; 1979 Tax Ct. Memo LEXIS 298; 38 T.C.M. (CCH) 910; T.C.M. (RIA) 79226; June 11, 1979, Filed *298 Carl D. Poen, pro se. Ralph W. Jones, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1976 in the amount of $7,315.08. In their petition, petitioners alleged error in respondent's determination for violation of their constitutional rights and referring to the manner in which their return was prepared as an expression of protest. Petitioners assign as grounds for their allegations of error only that their rights under the Fifth Amendment to the Constitution of the United States have been violated. Respondent in his answer affirmatively alleged a claim for an addition to tax under section 6653(a), I.R.C. 1954, in the amount of $365.75. On March 6, 1979, respondent filed a motion for partial summary judgment asking for summary judgment for the deficiency as determined in the notice of deficiency. Respondent's motion was heard in Boise, Idaho, at the same time that a trial was held on respondent's affirmative allegations. The issues here are whether respondent's determination of a deficiency in some way violates petitioners' rights under the Fifth Amendment, *299 and whether respondent has established that a part of petitioners' understatement of tax is due to negligence or intentional disregard of rules and regulations. Petitioners, who resided in Nampa, Idaho, at the time their petition in this case was filed, filed a joint Federal income tax return for the calendar year 1976. Attached to this return were three W-2 Forms showing total salaries or wages paid to the two petitioners during the calendar year 1976 in the amount of $34,813, and that from the salaries and wages so paid the amount of $4,447.42 was withheld for Federal income taxes. The return showed petitioners' name, address, social security number, and the occupation of Carl D. Poen as shop foreman and of Nellie G. Poen as clerk. Also the return showed petitioners as claiming four personal exemptions, two for themselves and two exemptions for two dependent children, the names of the children being given. In the spaces provided on the Form 1040 for showing wages, salaries, dividends, interest income and other income, as well as adjusted gross income, appear "* *".In each space provided for showing the computation of the amount of tax due and the space for showing total tax *300 due appears the word, "NONE." The return was signed by each petitioner under penalties of perjury. Attached to the return was a form letter requesting to be shown how a return could be filed without waiving "1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendment Rights"; a purported affidavit questioning what is a "Dollar"; articles discussing how tax dollars are spent, foreign aid, and the U.S. Supreme Court decision with respect to abortion. There were also various other attachments to the return consisting of copies of articles concerning various aspects of Government and other matters. Respondent in his notice of deficiency computed petitioners' tax on the basis of the total income as shown on the Forms W-2 filed by petitioners. Following the computation, respondent showed the amount of tax which had been withheld and the amount to be paid, and explained in the deficiency notice that the amount shown as a deficiency may not be the amount billed since all or a portion of the refund claimed had been held to offset a portion of the deficiency. Respondent's explanation of the adjustment in the deficiency notice was that an adjustment on a Federal income tax return *301 as an expression of protest is not provided for in the law. Petitioners at the hearing agreed that they had received income as shown on the Forms W-2 filed with their return. Their only contention was that the determination of deficiency violated their Fifth Amendment rights. There is no merit whatsoever to petitioners' claim of error in respondent's determination of a deficiency in their tax based on the Fifth Amendment to the Constitution. Petitioners attached to their return the W-2 Forms showing the amount paid to them as salaries and wages, and it is this amount only on which respondent computed the tax due by them. The return as filed by petitioners made no claim for itemized deductions and reported no income other than salaries and wages as shown on the Forms W-2 attached to the return. Under these circumstances, it is difficult to see to what petitioners refer in claiming rights under the Fifth Amendment. If petitioners are intending to contend that their Fifth Amendment rights are being violated by being required to file an income tax return, this is not a valid position. United States v. Sullivan,274 U.S. 259 (1927); Cupp v. Commissioner,65 T.C. 68 (1975), *302 affd. 559 F.2d 1207 (3d Cir. 1977). If petitioners are contending that to require them to come forward to prove error in respondent's determination by showing that they would have deductions in excess of the standard deduction on which basis respondent computed their income tax, this arguent is likewise invalid. Roberts v. Commissioner,62 T.C. 834, 838 (1974). Petitioners, in their oral argument and their brief, cite a number of cases dealing with rights of parties under the Fifth Amendment. However, none of these cases are relevant to the issue here. We grant respondent's motion for partial summary judgment and will find the deficiency in petitioners' tax as set forth in the statutory notice of deficiency. The only evidence respondent offered at the trial to support his affirmative allegation of the addition to tax for negligence was petitioners' tax return for the year 1976. The Court at the trial called attention to the paucity of the evidence offered to support the affirmative allegation, and counsel for respondent stated that he would rest on the record as it stood. The return filed by petitioners does not show the figures for income received *303 by petitioners in the space where such figures should appear. However, respondent's computation in the notice of deficiency is based on the income shown on the Forms W-2 attached to the return. The major defect in petitioners' return is that it contains no tax computation, instead showing no tax due when in fact tax was due based on the income from salaries or wages shown on the return. Since the return showed no tax due, it appears that no tax was paid with the return even though had the tax due been properly computed it would have exceeded the tax withheld and a payment should have been made by petitioners when the return was filed. Our question therefore becomes whether the failure to make a tax computation on the return and pay the tax due along with the return is negligence and an intentional disregard of rules and regulations. In our view these failures to comply with the rules and regulations standing alone are not sufficient to sustain respondent's burden of showing that part of the underpayment is due to negligence or intentional disregard of rules and regulations.Too much is left to speculation. Had the evidence shown whether petitioners had in prior years filed proper *304 returns, an assumption as to petitioners' negligence or intentional disregard of rules and regulations by not including a tax computation on their return for the year here in issue could more properly be made. The burden of proof of an affirmative allegation is on respondent. In this case he has failed to carry this burden. An appropriate order and decision will be entered.