WILLIAM A. ROBERTSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robertson v. Commissioner
Docket No. 4648-82.
United States Tax Court
T.C. Memo 1984-222; 1984 Tax Ct. Memo LEXIS 460; 47 T.C.M. (CCH) 1703; T.C.M. (RIA) 84222; April 25, 1984. William A. Robertson, pro se. Joseph F. Long, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Year
Deficiency
sec. 6651(a) [1]
sec. 6653(a)
sec. 6654(a)
1978
$1,037.00
$259.00
$52.00
$33.00
1979
$ 993.00
$248.00
$50.00
$32.00
The issues for decision are: (1) Whether the Forms 1040 filed by petitioner for the years at issue constitute Federal income tax returns; (2) whether petitioner has unreported income for the years at issue; (3) whether petitioner is exempt from liability for tax on self-employment income; and (4) whether petitioner is liable for the determined additions to tax. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Greenwich, Connecticut, when *462 he filed his petition in this case. For the years at issue, he filed Forms 1040 with the Internal Revenue Service Center at Andover, Massachusetts. On these forms, petitioner supplied his name, address, social security number, occupation, filing status, and signature. However, he entered "none" or asserted the Fifth Amendment to virtually all other inquiries contained in the forms. The forms as filed did not contain sufficient information to compute petitioner's income and deductions and, hence, his tax liability. During previous years, petitioner had filed returns sufficient to compute his income tax liability. On his returns for the three years prior to 1978 and 1979, petitioner reported income earned as an investment counselor. Petitioner also earned income as an investment counselor during 1978 and 1979. Petitioner refused to make available to respondent's agent his records of income and expenses for these years. Therefore, respondent determined petitioner's income for 1978 and 1979 based on the average of petitioner's reported income for the three previous years. At trial, petitioner did not refute the correctness of respondent's determination of tax liability. Instead, *463 petitioner offered various constitutional arguments as to his obligations to file returns and to pay taxes. Petitioner argues that the Fifth Amendment privilege against self-incrimination relieves him of the obligation to file returns. Furthermore, he asserts that his religious beliefs exempt him from the duty to pay taxes because he follows the higher laws of God and is not bound by man-made laws. In connection with his professed religious beliefs, petitioner asserts that he is exempt from self-employment tax and claims to have filed an application for exemption in 1966. However, no record of any such filing appears in the records of respondent or the Social Security Administration, and petitioner produced no independent evidence of filing beyond his own assertion. Petitioner contends he has not only a religious aversion to payment of self-employment tax as a form of social security, but also has an economic distaste for the system. In addition to his constitutional, religious, and economic arguments, petitioner expresses his philosophical objections to the income tax system in general, and to self-employment tax in particular. His petition to this Court characterizes the *464 social security system as a "fraud and Ponzi scheme." He relates therein that "I have become allergic to filling out forms" and "This one is too boring." He claims an overpayment of $200.00 for each disputed year, but states: "The $200.00 claimed above for overpayment is a pure guess." Petitioner's testimony and briefs in this case are peppered with similar sentiments, echoing the thrust of his petition. Respondent's determination of deficiencies is presumptively correct, and petitioner bears the burden of proving that respondent erred in his determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procudure. In the instant case, petitioner has offered no evidence or argument of error by respondent. Therefore, petitioner has failed to carry his burden of proof, and respondent must prevail. Forms such as those filed by petitioner, which do not contain any information pertinent to the computation of income and deductions, do not constitute returns. United States v. Daly,481 F.2d 28, 29 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), *465 cert. denied 400 U.S. 824 (1970); see also section 6011; section 1.6011-1(b), Income Tax Rags. The methodology used by respondent to compute petitioner's tax liability in the absence of valid returns has not been challenged by petitioner. In fact, it has been specifically sanctioned by this Court under similar circumstances. Where a taxpayer has refused to make records of income and expenses available, the determination of a deficiency based on an average of income reported in previous years has been sustained. See Hartman v. Commissioner,65 T.C. 542, 544 (1975). [2]
The constitutional arguments advanced by petitioner are stale and meritless. Petitioner has quoted language out of context and has illogically misinterpreted holdings of cases. It is well-settled that the Fifth Amendment does not relieve a taxpayer of the obligation to file income tax returns. Garner v. United States,424 U.S. 648 (1976); United States v. Sullivan,274 U.S. 259 (1927). *466 In United States v. Sullivan, supra at 263-264, the Supreme Court stated that:" [i]t would be an extreme if not extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income * * *." The right to remain silent does not arise "* * * unless the Government seeks testimony that will subject its giver to criminal liability, * * *." Garner v. United States,supra at 655. In petitioner's case, there is no suggestion in the record of criminal proceedings existant or contemplated. Thus, the prohibition against self-incrimination is inapplicable. Petitioner's religious arguments are similarly misguided. As a general proposition, "* * * religious belief in conflict with the payment of taxes affords no basis for resisting the tax." United States v. Lee,455 U.S. 252, 260 (1982). A limited relief from liability is provided, however by sections 1402(e) and (g). As in effect during the taxable years at issue, these sections provide an exemption from self-employment tax to certain individuals such as ministers and members of religious groups which oppose the concept of social *467 security and which otherwise provide for the well-being of dependent members. The exemption will be granted only if the Secretary of Health, Education and Welfare determines that a recognized religious sect of which a taxpayer is a member holds the required conscientious tenets. The narrowness of the exemption has been upheld. Henson v. Commissioner,66 T.C. 835, 838 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). The mere filing of an application is not sufficient to confer exemption. In petitioner's case, no record of filing has been produced; no evidence of entitlement has been offered; and no claim of approval of the application by the Secretary of Health, Education and Welfare has been made. More importantly, petitioner raised the identical issue of his alleged 1966 application for exemption in a previous case decided by this Court. In Robertson v. Commissioner,T.C. Memo. 1983-32, we decided that petitioner was not entitled to exemption on the basis of his 1966 application. Although we clearly explained the reasons for our holding in that case, petitioner now attempts to advance the precise arguments which we have *468 previously rejected. We decline to further reiterate our conclusions as to this matter. The additions to tax asserted by respondent are also sustained. The additions under section 6651(a) for failure to timely file returns are proper where the forms filed by petitioner did not constitute returns. See United States v. Daly and United States v. Porth, both discussed supra; see also Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). The additions under sections 6653(a) and 6654(a) for failure to pay tax and failure to pay estimated income tax are also proper. Petitioner was aware of his obligation to pay taxes, as evidenced by his payments in previous years. We find that he intentionally disregarded his payment obligations when he failed to pay his required taxes for 1978 and 1979. In addition to the above additions determined by respondent, we have considered the imposition of damages under section 6673 on our own motion. This section permits the awarding of damages to the United States whenever it appears to this Court that proceedings have *469 been instituted merely for delay. We find that petitioner instituted the instant proceedings merely for delay and presented claims which have already been considered and rejected by this Court in many cases, including one in which petitioner himself advanced arguments identical to some of those he now offers. Under these circumstances, the maximum permitted damages in the amount of $500.00 is awarded to the United States. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issue.↩
2. See also Thomas v. Commissioner,T.C. Memo. 1980-359; Douglas v. Commissioner,T.C. Memo. 1980-66, affd. 665 F.2d 1044↩ (6th Cir. 1981).