EDWARD C. PUTA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Puta v. Commissioner
Docket No. 8527-82.
United States Tax Court
T.C. Memo 1984-227; 1984 Tax Ct. Memo LEXIS 438; 47 T.C.M. (CCH) 1720; T.C.M. (RIA) 84227; April 30, 1984. *438 Petitioner earned income as an employee for each of the years in issue. He understood his obligations to pay income taxes, to be subjected to withholding, and to file tax returns. The Forms 1040A and 1040 he sent to respondent for these years did not constitute tax returns. He filed false Forms W-4 with his employers. Held: Additions to tax under section 6653(b), I.R.C. 1954 (fraud), imposed for each of the years in issue. Edward C. Puta, pro se. Steven R. Guest and Edward G. Langer, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b)[1] (fraud) and 6654 (underpayment of estimated tax), as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [2] *439 Sec. 6654
1978
$615
$307.50
$14.53
1979
688
344.00
28.83
1980
1,077
538.50
66.54
At the trial in the instant case, the Court granted respondent's motion to dismiss as to the deficiencies and the section 6654 additions [3] for each of the years in issue, because of petitioner's refusal to comply with the Court's order directing petitioner to respond to a question. This motion was granted under Rule 123(b). [4] The issues for decision are as follows: (1) Whether petitioner is liable for an addition to tax under section 6653(b) for each of the years in issue. (2) If petitioner is not so liable as to any such *440 year, then whether petitioner is liable for additions to tax under sections 6651(a) or 6653(a) for that year. FINDINGS OF FACT Some of the facts have been stipulated, or deemed stipulated pursuant to Rule 91(f); the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Mishicot, Wisconsin. For 1977, petitioner filed an individual income tax return showing tax table income of $6,279, income tax liability of $495, and income tax withheld of $944. The $6,279 of income was entirely employee compensation; it consisted of $2,296 from Manitowoc Shipbuilding, Inc. (hereinafter sometimes referred to as "Manitowoc"), $849 from Formrite Tube Company, Inc., $1,826 from Mosinee Research Corp., and $1,308 from Zook Brothers Construction Company. During 1978, 1979, and 1980, petitioner was employed and received compensation from his employers, as indicated in table 1. Table 1 Year
Employer
Compensation
1978
Manitowoc
$ 896.00
Edward Krueger
1,392.00
Tom Bohm Builders
4,701.42
Total
$6,989.42
1979
Edward Krueger
$ 381.00
Fox Hills Inn and
7,093.76
Country Club
Total
$7,474.76
1980
Fox Hills Inn and
$9,532.64
Country Club
At *441 some time early in 1979, petitioner sent to respondent a Form 1040A for 1978, on which appear petitioner's name, address, and Social Security number. On this form, petitioner notes that he is entitled to a personal exemption for himself, but he does not claim any specific number of personal exemptions. All of the remaining lines on the form, including the signature line, have the phrase "OBJECT -- 5TH AMENDMENT". On May 4, 1979, respondent notified petitioner that this Form 1040A is not acceptable as an income tax return, and enclosed two blank tax return forms for petitioner's convenience. In March 1983, petitioner sent to respondent Forms 1040 for 1978, 1979, 1980, and 1981, on which appear petitioner's name, address, Social Security number, and occupation (laborer). On each of these forms, petitioner claims a tax filing status of "Single" and one personal exemption (the exemption for himself). Most of the remaining lines on each of these forms have either the word "object" [5] or the word "none". Several of the lines on each of these forms are left blank. On each of these forms the blank lines include the lines showing income tax, total tax, total payments, amount overpaid, *442 and balance due. To each of these forms are attached about 13 pages of statements, newspaper articles, and letters. Each of these forms in signed by petitioner under penalties of perjury. Petitioner did not file with respondent any documents purporting to be income tax returns for 1978, 1979, or 1980, other than the above-described Forms 1040A and 1040. In September 1977, petitioner filed with Manitowoc a Form W-4 on which he claimed no personal exemptions for income tax withholding purposes. On or about April 24, 1978, and again on or about February 14, 1979, petitioner executed and submitted to his employers a Form W-4 stating that he is exempt from income tax withholding.
For 1978, Manitowoc withheld $129.52 Federal income tax from petitioner's income of $896. For 1979, Edward Krueger did not withhold any Federal income tax from petitioner's income of $381. For 1978, Tom Bohm Builders did not withhold any Federal income tax from petitioner's income of $4,701.42. For 1979 and 1980, Fox Hills Inn and Country Club did not withhold any *443 Federal income tax from petitioner's incomes of $7,093.76 and $9,532.64, respectively. In the course of respondent's audit relating to petitioner's tax liabilities for the years in issue, petitioner was asked to meet with respondent's revenue agent and bring records so that income tax returns could be filed for these years. As petitioner put it, in his Summary of Authorities filed in connection with his Motion to Dismiss, he "refused to furnish documents, records, receipts and cancelled checks to substantiate his legally entitled deductions, exemptions and business expenses." * * * For each of the years 1978, 1979, and 1980, petitioner had an underpayment of income tax required to be shown on his tax return and all of such underpayment for each such year was due to fraud. OPINION Respondent maintains that, for each of the years in issue, petitioner had an underpayment and that all or part of each year's underpayment was due to fraud. Petitioner contends that the notice of deficiency "is not true and correct" and that it "is being used to force me to testify against myself." We agree with respondent. When he seeks to impose the addition to tax under section 6653(b), [6] respondent *444 bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454(a); [7] Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. *445 a Memorandum Opinion of this Court; [8]Mensik v. Commissioner,328 F.2d 147 (CA7 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner,56 T.C. at 224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud is an actual intentional wrondoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [9]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence. Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States,466 F.2d 11, 16-17 (CA5 1972); Plunkett v. Commissioner,465 F.2d at 303; *446 Kreps v. Commissioner,351 F.2d 1, 6 (CA2 1965), affg. 42 T.C. 660 (1964). In carrying his burden, respondent has not relied on petitioner's failure to meet his burden of proving error in respondent's determinations as to the deficiencies (e.g., Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982), and cases there cited) or on the Court's granting of respondent's motion to dismiss as to the deficiencies because of petitioner's refusal to obey an order of the Court. Rather, respondent presented persuasive evidence, unchallenged by petitioner (except as to one $70 item for 1978), that petitioner had all the income respondent had determined in the notice of deficiency--in amounts sufficient to produce an underpayment for each of the years in issue. In determining whether any part of each of these underpayments is due to fraud, we note the following: (1) Petitioner understood his obligation to file tax returns and pay income taxes, as shown by his filing of a tax return and payment of income taxes for 1977, when his income was less than it was for any of the years in issue. (2) Petitioner failed to file tax returns for any of the years in issue. The Forms 1040A and 1040 that petitioner *447 sent to respondent do not have information from which income taxes can be calculated; they do not constitute income tax returns. Reiff v. Commissioner,77 T.C. 1169, 1177-1179 (1981). In addition, they did not give respondent any indication as to where he could search for the necessary information. (3) Petitioner filed Forms W-4 with employers, claiming that he was exempt from income tax withholding. The steps petitioner took to stop the payment of income taxes through the withholding system, together with his failure to file income tax returns, enabled petitioner to avoid the payment of the income taxes that he understood he was obligated to pay. (4) Petitioner refused to make available his books and records, when requested by respondent to do so. The false Forms W-4 are most significant. Habersham-Bey v. Commissioner,supra. The foregoing combination of elements persuades us that respondent has carried his high burden of proof in the instant case. We conclude that petitioner's underpayment for each of the years in issue was due to fraud. See Rowlee v. Commissioner,80 T.C. 1111, 1123-1126 (1983); Habersham-Bey v. Commissioner,78 T.C. at 312-314. Petitioner's basic contention *448 appears to focus on his rights under the Fifth Amendment to the United States Constitution. [10] Petitioner failed to present the Court with any information from which we could fairly conclude that there was a real and appreciable danger of self-incrimination. Respondent's counsel stated on the record that neither the Internal Revenue Service nor the Department of Justice had an ongoing criminal investigation, or contemplated a criminal investigation, of petitioner for the years in issue. Petitioner's claim of the privilege against self-incrimination is not warranted. Petitioner is not permitted to use this unwarranted claim to "draw a conjurer's circle about the whole matter". United States v. Sullivan,274 U.S. 259, 264 (1927). He cannot thus immunize himself from the obligations he shares with so many scores of millions of others to obey the laws, including the income tax laws. Petitioner suggests that he might be entitled to some deductions. He does not contend that any such deductions would be allowable in arriving at adjusted *449 gross income (sec. 62) or would exceed the applicable zero bracket amount (sec. 63(d); $2,200 for 1978, $2,300 for 1979 and 1980).He does not claim any specific deductions. We are satisfied that respondent has proven the existence of underpayments for each of the years by clear and convincing evidence.
As to petitioner's other contentions, see generally Rowlee v. Commissioner,supra. See also McCoy v. Commissioner,696 F.2d 1234 (CA9 1983), affg. 76 T.C. 1027 (1981). We hold for respondent. [11]
To take account of the modification as to the addition to tax under section 6654 for 1978 (see n.3, supra), Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. By amended answer, pursuant to section 6214, respondent asserts in the alternative that, if the Court determines that petitioner's underpayment for any year in issue was not due to fraud, then for each such year petitioner is liable for a 25-percent addition to tax under section 6651(a) (failure to file timely return) and a 5-percent addition to tax under section 6653(a)↩ (negligence, etc.). 3. Manitowoc Shipbuilding, Inc.'s withholding of Federal income tax from petitioner's 1978 wages took place during the first quarter of 1978. If it is to petitioner's advantage to do so, the addition to tax under section 6654 for 1978 is to be computed by applying section 6654(e)(2) on the basis that $129.52 was withheld from petitioner's wages by April 15, 1978. ↩
4. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
5. On each of the forms there is the following legend: The word "OBJECT" in response to a specific question means on grounds of self-incrimination.↩
6. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
7. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary.↩
8. T.C. Memo. 1970-274↩.
9. T.C. Memo 1966-81↩.
10. The Fifth Amendment provides, in relevant part, as follows: No person shall * * * be compelled in any criminal case to be a witness against himself * * *.↩
11. Because of this conclusion as to the fraud additions to tax (sec. 6653(b)), we need not reach respondent's alternative contentions as to additions to tax under sections 6651(a) and 6653(a). See n. 2, supra.↩