## UNITED STATES v. SULLIVAN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FOURTH CIRCUIT.

No. 851.  Argued April 27, 1927.—Decided May 16, 1927.

1. Gains from illicit traffic in liquor are subject to the income tax.
   P. 263.
2. The Fifth Amendment does not protect the recipient of such income
   from prosecution for wilful refusal to make any return under the
   income tax law.  P. 263.
3. If disclosures called for by the return are privileged by the Amendment, the privilege should be claimed in the return.  P. 264.
15 F. (2d) 809, reversed.

CERTIORARI (273 U. S. 689) to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court sentencing Sullivan for wilfully refusing to make a return of net income under the Revenue Act of 1921.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell,* and *Messrs. A. W. Gregg,* General Counsel, Bureau of Internal Revenue, *Sewall Key,* Attorney in the Department of Justice, and *Raymond L. Joy,* were on the brief, for the United States.

The gains and profits derived from illicit traffic in liquor constitute income. It has been uniformly held by the courts that such income was intended by Congress to fall within the purview of the Income Tax Act of 1921. This interpretation is shown by the all-inclusive language used by Congress to define income and by the history of the changes in income-tax legislation. The questions asked in the required income tax return do not compel the disclosure of any fact which tends to incriminate. Only information of the most general character relating to the nature of the taxpayer's business is demanded, none of which in itself constitutes proof of unlawful dealings. In determining the nice balance that exists between the constitutional rights of the individual and the sovereign's right to compel information necessary for governmental purposes the courts will go as far " as may be consistent with the liberty of the individual." This is illustrated in *Mason* v. *United States,* 244 U. S. 362, and *Ex parte Irvine,* 74 Fed. 954. The taxpayer will not be permitted to set himself up as the judge of his rights under the Fifth Amendment. He must comply with the Government's demand on him for information at least to the point where the information would tend to incriminate. *Podolin* v. *Lesher Warner Dry Goods Co.,* 210 Fed. 97. In this case respondent failed to raise any claim of immunity he might have had under the Fifth Amendment in the proper manner and form, and in the failure to do so his privilege must be deemed to be waived. *United States ex rel. Vajtauer* v. *Comm'r of Immigration,* 273 U. S. 103.

A tax return is the statement of account between the taxpayer and his Government. It is impressed with a

public interest and constitutes a public document. The cases of *Boyd* v. *United States,* 116 U. S. 616, and *Wilson* v. *United States,* 221 U. S. 361, both recognize that records required by law to be kept constitute an exception to the application of the Fifth Amendment. Numerous State cases have recognized this principle. *United States* v. *Sischo,* 262 U. S. 165, is authority for the Government's contention herein, because the effect of the Fifth Amendment on the interpretation contended for by the Government, of the statute requiring manifests, underlay the whole case. The effect of the interpretation of the Circuit Court of Appeals of the Income Tax Act in this case would be to favor the lawbreaker and excuse from the operation of the Act any person who set up a claim that his income had been derived from criminal operations. Such interpretation is to be avoided because it is contrary to the purposes of the Act and is not demanded by a proper application of the Fifth Amendment.

*Mr. Frederick W. Aley,* with whom *Mr. E. Willoughby Middleton* was on the brief, for respondent.

Section 223 of the Revenue Act of 1921, in so far as it requires an income tax return of one whose income is derived from a violation of the criminal law, is in conflict with the Fifth Amendment. The obvious intent of the Fifth Amendment is that no one shall be compelled to be the means of exposing his own criminality. This privilege is for the protection of the innocent as well as the guilty, and is intended to prevent for all time anything in the nature of inquisitorial proceedings to compel confession of crime. Such protection is an essential part of the liberties of a free people and should be jealously guarded from encroachment by the legislative branch of the government. *United States* v. *Boyd,* 116 U. S. 616; *Counselman* v. *Hitchcock,* 142 U. S. 547; *Emory's Case,* 107 Mass. 172; *McKnight* v. *United States,* 115 Fed. 972.

See *Steinberg* v. *United States,* 14 F. (2d) 564, and *Peacock* v. *Pratt,* 121 Fed. 772.

The privilege is not limited to testimony, as ordinarily understood, but extends to every means by which one may be compelled to produce information which may incriminate. *Boyd* v. *United States, supra; Brown* v. *Walker,* 161 U. S. 591. Distinguishing *Hale* v. *Henkel,* 201 U. S. 43; *Wilson* v. *United States,* 221 U. S. 361; *Baltimore etc. R. Co.* v. *Interstate Commerce Commission,* 221 U. S. 612; and *United States.* v. *Sischo,* 262 U. S. 165. See *McCarthy* v. *Arndstein,* 266 U. S. 34; *United States* v. *Lombardo,* 228 Fed. 980; *United States* v. *Dalton,* 286 Fed. 756; *United States* v. *Mulligan,* 268 Fed. 893; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *United States* v. *Sherry,* 294 Fed. 684.

The Income Tax Law does not grant immunity from prosecution.

The question of immunity is properly before this Court.

Direct proceeds of crimes against the laws of the United States cannot be considered as income within the meaning of the Income Tax Law of 1921. *Eisner* v. *Macomber,* 262 U. S. 189; *Steinberg* v. *United States, supra; Smith* v. *Minister of Finance,* 2 Dom. L. Rep., reversed by Privy Council.

Mr. Justice Holmes delivered the opinion of the Court.

The defendant in error was convicted of wilfully refusing to make a return of his net income as required by the Revenue Act of 1921; November 23, 1921, c. 136, §§ 223 (a), 253; 42 Stat. 227, 250, 268. The judgment was reversed by the Circuit Court of Appeals. 15 F. (2d) 809. A writ of certiorari was granted by this Court. We may take it that the defendant had sufficient gross income to require a return under the statute unless he was exonerated by the fact that the whole or a large

part of it was derived from business in violation of the National Prohibition Act. The Circuit Court of Appeals held that gains from illicit traffic in liquor were subject to the income tax, but that the Fifth Amendment to the Constitution protected the defendant from the requirement of a return.

The Court below was right in holding that the defendant's gains were subject to the tax. By § 213 (a) gross income includes " gains, profits, and income derived from . . . the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." These words are also those of the earlier Act of October 3, 1913, c. 16, § II, B; 38 Stat. 114, 167, except that the word ' lawful ' is omitted before ' business ' in the passage just quoted. By § 600; 42 Stat. 285, and by another Act approved on the same day Congress applied other tax laws to this forbidden traffic. Act of November 23, 1921, c. 134, § 5; 42 Stat. 222, 223. *United States* v. *One Ford Coupé,* 272 U. S. 321, 327. *United States* v. *Stafoff,* 260 U. S. 477, 480. We see no reason to doubt the interpretation of the Act, or any reason why the fact that a business is unlawful should exempt it from paying the taxes that if lawful it would have to pay.

As the defendant's income was taxed, the statute of course required a return. See *United States* v. *Sischo,* 262 U. S. 165. In the decision that this was contrary to the Constitution we are of opinion that the protection of the Fifth Amendment was pressed too far. If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all. We are not called on to decide what, if anything, he might have withheld. Most of the items warranted no complaint. It would be an extreme if not an extravagant application

of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. But if the defendant desired to test that or any other point he should have tested it in the return so that it could be passed upon. He could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law. *Mason* v. *United States,* 244 U. S. 362. *United States ex rel. Vajtauer* v. *Commissioner of Immigration,* 273 U. S. 103. In this case the defendant did not even make a declaration, he simply abstained from making a return. See further the decision of the Privy Council, *Minister of Finance* v. *Smith,* [1927] A. C. 193.

It is urged that if a return were made the defendant would be entitled to deduct illegal expenses such as bribery. This by no means follows, but it will be time enough to consider the question when a taxpayer has the temerity to raise it.

*Judgment reversed.*