ABIE POZNAK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19644.   Promulgated December 14, 1928.

*J. E. Marshall, Esq.,* and *Maurice E. Parshall, Esq.,* for the respondent.

728

OPINION.

SMITH: That the petitioner is liable to income tax in respect of profits from the conduct of his illegal business is settled by the decision of the Supreme Court in *United States* v. *Sullivan*, 274 U. S. 259.

In his income-tax returns for 1921, 1922, and 1923, the petitioner failed to account for any profits from his liquor business. At the hearing of this proceeding the petitioner did not appear in person or by counsel. He was apparently satisfied with the redetermination of the deficiencies in tax found by the Commissioner. Counsel for the Commissioner admitted at the hearing that a part of the deficiencies determined had been paid.

Section 907(a) of the Revenue Act of 1924, as amended by the Revenue Act of 1926, and as further amended by section 601 of the Revenue Act of 1928, provides in part:

* * * In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner. * * *

To bear such burden the Commissioner has offered affirmative proof before the Board of the fraudulent character of the returns filed by the respondent. From the evidence submitted the Board can not doubt that in his income-tax returns for 1921, 1922, and 1923, the petitioner fraudulently refrained from reporting profits from an illegal liquor business derived in each of the taxable years. The returns filed were false and fraudulent and the 50 per cent penalty upon the deficiencies due for those years provided for by section 250(b) of the Revenue Act of 1921 is assessable and collectible.

The evidence indicates that a part of the deficiencies determined by the Commissioner have been paid by the petitioner. The Board can not at this time determine the exact amount of the deficiencies due.

*Judgment will be entered under Rule 50.*