Commonwealth, Appellant, *v*. Miller.

Submitted March 11, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Charles J. Margiotti,* Attorney General, *John Y. Scott,* Deputy Attorney General, and *Karl E. Richards,* District Attorney, for appellant.

*Solomon Horwitz,* for appellee, did not appear and filed no brief.

OPINION BY PARKER, J., July 18, 1935:

The Commonwealth has appealed from an order of a quarter sessions court dismissing proceedings charging the defendant with violations of the liquor tax laws of this Commonwealth. An information was made on February 24, 1934, against the defendant charging her with having failed to transmit to the Department of Revenue of this Commonwealth upon a form prescribed by the department a report of certain spirituous liquor, commonly known as moonshine whiskey, which she had in her possession between November 22, 1933, and December 5, 1933, and also with a failure to report to the same department distilled spirits prepared and manufactured by her during the month of December, 1933, which liquor was intended for sale, and with having neglected and refused to pay the tax imposed on such moonshine whiskey so manufactured. After hearing before a magistrate, she was bound over to court to answer those charges, and the case was entered to No. 311 January Sessions, 1934. At the same time other informations were made and she was bound over to court in separate cases to answer violations of the Pennsylvania Liquor Control Act.

Thereupon, defendant presented a petition to the court below setting up the facts disclosed by the informations, as well as additional facts known to the defendant, and alleging that an illegal raid had been made upon her private home and praying (1) that the evidence obtained be suppressed, (2) that the officers be restrained from testifying before the grand jury and in court as to evidence found by means of the raids,

and (3) that the various charges be dismissed. The Commonwealth made answer to the petition admitting the facts alleged, except that it was denied that the raid was illegal. A rule to show cause was granted and, after argument, that rule was made absolute as to No. 311 January Sessions, 1934, viz., "the charge of a failure to report and pay a tax," and the first two prayers were refused.

The court below dismissed the proceedings upon the ground that no offense against the laws of this Commonwealth was charged in the information, saying that the "Spirituous and Vinous Liquor Tax Law" (Act of December 5, 1933, P. L. Sp. Sess. 38; 47 PS 745, et seq.) applies only to those who hold a permit under the Act of February 19, 1926, P. L. 16, as amended by the Act of December 8, 1933, P. L. Sp. Sess. 57 (47 PS 121, et seq.), and does not apply to those who manufacture liquor illegally. That court did not consider the Act of November 22, 1933, P. L. Sp. Sess. 5 (47 PS 780, et seq.), known as "Spirituous and Vinous Liquor Floor Tax Law," which act imposed a tax upon spirituous and vinous liquors lodged or stored in this Commonwealth between November 22, 1933, and December 15, 1933, and required the possessor of such liquor on November 27, 1933, and, on each fifth day thereafter until and including the date of the ratification of the 21st amendment to the Constitution of the United States, to make a report upon a form prescribed by the Department of such vinous and spirituous liquors in his possession at such time. The first part of the information clearly charged such a possession and failure to report. Not only is the floor tax law not confined to a tax upon those who have manufactured liquor, but it includes all those in possession of liquor at the time indicated and makes them liable for the tax. It applied as well to those then in possession of liquor illicitly or illegally manufactured as

to those who had liquor lawfully manufactured. Since the information charged an indictable offense, the court could not properly dismiss the proceedings even though it charged another offense that might not be indictable. When the information charged the defendant with the commission of acts which were in violation of a statute of the state, the court was not in a position to quash the proceedings.

The second portion of the indictment charged that the defendant "did knowingly, unlawfully and maliciously neglect and refuse to make a report to the Department of Revenue of the Commonwealth of Pennsylvania of the distilled spirits prepared by her during the month of December, 1933, in the manufacture and production of a certain beverage known as moonshine whiskey, intended for sale," and did in a like manner "neglect and refuse to pay the tax on said moonshine whiskey manufactured as aforesaid." It is provided by section 3 of the Spirituous and Vinous Liquor Tax Law (47 PS 747), in part, as follows: "Except as otherwise in this act provided, every manufacturer shall be subject to pay to the Commonwealth of Pennsylvania the taxes imposed in this section for the privilege of producing, manufacturing, distilling, rectifying or compounding distilled spirits, rectified spirits, or wines in this Commonwealth." By section 4 (47 PS 748), manufacturers were required to make report to the Department of Revenue, on a form prescribed, of liquor so manufactured. By section 2 (47 PS 746), a manufacturer is defined as "any person, association, or corporation engaged in the producing, manufacturing, distilling, rectifying or compounding of distilled spirits, rectified spirits, or wines in this Commonwealth." The court of quarter sessions assumed, and we believe the Commonwealth intended to concede, that the liquor in question had been manufactured without a permit from the Commonwealth. That court then

held that the tax on the manufacturer of liquor did not apply to those who so manufactured without the permit provided for by Act of 1926, as amended by Act of 1933 (47 PS 121, et seq.), saying, in part, as follows: "Because the legislature having thus enacted laws to restrain violations of the several acts of assembly pertaining to the manufacture and sale of spirituous and vinous liquors, we are led to believe that it intended to impose the tax upon those to whom the privilege of manufacturing, producing, selling or importing had been granted and that it was not the intention to tax those who were violating the provisions of those statutes." This was the sole ground for dismissing the proceeding and the only ground raised in the brief filed in this court.

It will be noted at the outset that the legislature was careful to define the word "manufacturer" and provided that every manufacturer should be subject to pay the tax and make reports. It would seem unreasonable to assume, without a clear expression of such intention, that the legislature intended that a tax should be imposed on those who complied with the mandate of the law but that those who flagrantly flaunted the law should not be required to pay such a tax. It has not been the policy of the law, either in the state or federal jurisdictions, to relieve violators of the law from the payment of tax even though the source of such tax was grounded in a violation of the law. In U. S. v. Sullivan, 274 U. S. 259, 47 S. C. Rep. 607, gains derived from business in violation of the prohibition law were held subject to the income tax law, Mr. Justice HOLMES saying: (p. 263) : "We see no reason to doubt the interpretation of the Act, or any reason why the fact that a business is unlawful should exempt it from paying the taxes that if lawful it would have to pay." In U. S. v. Sischo, 262 U. S. 165, 43 S. C. Rep. 511, it was held that a suit was properly brought to recover a

penalty for failure to include smoking opium in a ship's manifest even though such article could not be lawfully imported into this country. Laws of Congress imposed a special tax for selling lottery tickets and for dealing in liquors, and for the nonpayment of such tax, indictments were preferred and found, and the law was held valid and not unconstitutional although such selling was prohibited by the state laws: License Tax Cases, 5 Wall. 462. It follows from these cases that a business which is prohibited may be taxed.

Further, the report is required from all manufacturers. In the case of U. S. v. Sischo, supra, the master of a vessel was convicted of a violation of a statute requiring a report of merchandise brought into the country, which in that case was smoking opium, and the United States Supreme Court sustained the conviction notwithstanding the fact that "merchandise" was defined as goods, wares, and chattels "capable of being imported" and smoking opium was contraband.

But it is urged by the appellant that the tax is not on the manufacturer of liquor generally but on the "privilege" of manufacturing and those only are privileged to manufacture who first secure a permit from the Liquor Control Board as required by Act of February 19, 1926, P. L. 16, §3, as amended December 8, 1933, P. L. Sp. Sess. 57 (47 PS 123). We think this too narrow a construction of the clause and that it limits the meaning of the word "privilege" more than the context warrants. A privilege is a right or immunity granted as a peculiar advantage and in derogation of a common right, yet we frequently speak of taking privileges to which one may not be entitled. For more than a century limitations have been placed upon the manufacture of spirituous liquors, and it is generally recognized that one who engages in such business is doing something that is not a common right and it is in such sense that the word is used in this act. As we have indicated, the

64

appellant asks us to say that "privilege" as used in this act is equivalent to a permit granted pursuant to the Act of 1926 as amended. For many years the federal government, as well as the state government, has imposed a tax upon manufacturers and vendors of intoxicating liquor and so-called permits have been granted by the federal government. It might with equal reason be urged that one who manufactured liquor under a state permit was not privileged so to do until he had secured a federal permit. In this connection we refer to the so-called License Tax Cases, supra. It seems clear to us that it was the intention of the legislature to impose a tax on all liquor manufactured and that the word "privilege" as here used did not import anything further than the doing of an act which was not a common right and that the tax was imposed because that act is not permitted to be done by persons generally. The defendant cannot shield herself behind the claim that she assumed a privilege that was not granted her.

The order of the court below is reversed with a procedendo.