406 P.2d 246

The STATE of Arizona, Appellee,

v.

Peter Stephen PEARSON, Appellant.

No. 2 CA–CR 11.

Court of Appeals of Arizona.

Oct. 8, 1965.

Rehearing Denied Nov. 3, 1965.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, County Atty., Pima County, Tucson, for appellee.

W. Edward Morgan, Tucson, for appellant.

MOLLOY, Judge.

This is an appeal from a judgment of guilty and a sentence imposed after a plea of guilty to the charge of attempting to obtain a license to practice cosmetology in the State of Arizona by means of a fraudulent misrepresentation. The fraudulent misrepresentation to which the defendant pleaded guilty was that he had represented that he had not been convicted of a felony.

The original charge brought against the defendant was that of perjury, a felony, but the charge was reduced on motion of the county attorney to that of a misdemeanor as defined by A.R.S. §§ 32–551, subsec. B, par. 7 and 32–551, subsec. C which read as follows:

"B. It is unlawful:

\* \* \* \* \* \*

"7. To obtain or attempt to obtain a license by the use of money, other than the required fee, or any other thing of value or by any fraudulent misrepresentation.

\* \* \* \* \* \*

"C. Commission of any of the acts prohibited as provided in subsections A and B, or any violation of this chapter, or violation of any act prohibited by this chapter is a misdemeanor punishable by a fine of not less than one hundred nor more than three hundred dollars or by imprisonment in the county jail for not to exceed thirty days, or both."

After the charge was reduced, the defendant pleaded guilty thereto and the sentence imposed was a suspended sentence for a period of thirty days, conditioned upon the good conduct of the defendant.

In the lower court no challenge was made to the constitutionality of any of the statutes involved in the conviction. On appeal, the contention is made that the conviction was illegal because the "statutes" pertaining to the issuance of a license to practice cosmetology are unconstitutional. The attention of the court is called to A.R.S. § 32–552 which provides, in part:

"The board shall not issue or renew, and may suspend or revoke, a license already issued, for any one or more of the following causes:

"1. Conviction of a felony."

The contention is made that this statute is unconstitutional because it deprives the defendant of life, liberty and property without due process of law, violates the constitutional guarantees of equal protection of laws, constitutes a bill of attainder, denies the defendant the right to a jury trial, and violates constitutional guarantees against compelling a person to give testimony against himself.

The contentions of the appellant are interesting and if the constitutionality of A.R.S. § 32–552, par. 1 were properly before the court, they would be given serious consideration. However, the defendant was not convicted of a violation

**46**

of A.R.S. § 32–552, par. 1, nor could he have been because this provision does not purport to define any particular conduct as being criminal. If it is unconstitutional, a proper way to test its constitutionality would be to take an appeal from a denial of the issuance of a license under A.R.S. Tit. 12, Ch. 7, Art. 6, providing for judicial review of administrative decisions, or by some appropriate writ or other civil remedy. However, even assuming the statute which prohibits the board of cosmetology from issuing a license to one who has been convicted of a felony to be unconstitutional, an applicant does not have warrant to misrepresent the facts insofar as a prior felony conviction is concerned.

A somewhat analogous situation was presented to the Supreme Court of the United States, and disposed of by it in United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). There the defendant had been convicted of not filing an income tax return. His excuse for so failing was that the official forms for the return had required information which would have incriminated him, his vocation being the interesting one of operating a business in violation of the National Prohibition Act. In rejecting the contention of unconstitutionality, which had been upheld by the Circuit Court of Appeals (4 Cir., 15 F.2d 809), the Supreme Court, in an opinion by Justice Holmes, said:

> "If the form of the return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all." (274 U.S. 259, 263, 47 S.Ct. 607)

■ The legal requirement that one disclose that one has been convicted of a felony has never been held to be a violation of the Fifth Amendment or similar constitutional guarantees. See Annotation 82 A.L.R.2d 398.) Lambert v. People of State of California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1958), rehearing denied, 355 U.S. 937, 78 S.Ct. 410, 2 L.Ed.2d 419 (1958), a 5 to 4 decision which knocks down the Los Angeles felon registration ordinance does so on the grounds that the ordinance made it a crime for a convicted felon to fail to register even though he had no knowledge that the law existed. It is implicit in the case that the state may require, in the exercise of its police power, that convicted felons register.

This court sees no reason why the appellant should not be required to make a truthful answer nor why an untruthful answer fraudulently made may not be relegated to the status of an antisocial act.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.