**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fred N. ACKER, Defendant-Appellant.**

**No. 19089.**

United States Court of Appeals
Sixth Circuit.

July 17, 1969.

---

329

Fred N. Acker, pro se, for appellant, Daniel C. Turoff, Cleveland, Ohio, of counsel.

John M. Brant, Atty., Dept. of Justice, Washington, D. C., for appellee, Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., on brief.

Before O'SULLIVAN, McCREE and COMBS, Circuit Judges.

ORDER

Defendant-appellant was convicted by a jury of willfully failing to file federal income tax returns for the years 1958 and 1960 in violation of 26 U.S.C. § 7203. Imposition of sentence was suspended and appellant was placed on probation for a period of five years.

Appellant concedes that he deliberately failed to file tax returns for the years in question. He contends, however, that his conviction cannot stand because the Internal Revenue Code of 1954, as applied to him, is unconstitutional in that: the tax rates are so high as to be confiscatory; the progressive nature of the tax structure permits an arbitrary classification; differentiation among individuals, heads of household, and married persons for tax purposes violates the equal protection of the law provision of the Constitution; and the Internal Revenue Code, considered in its entirety, contravenes the spirit of the Constitution.

Appellant's argument is essentially directed to the legality of the present tax rates and schedules rather than the general power of Congress to tax and to require the filing of informational returns. Congress unquestionably has the authority to require the filing of returns reporting taxable income under its general power to levy taxes. This being so, the arguments advanced by appellant cannot properly be raised on appeal from a conviction for failure to file a return. If appellant had desired to test the constitutionality of the Internal Revenue Code, he could have done so by submitting a return upon which a tax could have been assessed under the plan he alleges is unconstitutional. Cf. Grosso v. United States, 390 U.S. 62, 72, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); United States v. Sullivan, 274 U.S. 259, 47 S. Ct. 607, 71 L.Ed. 1037 (1927). On this aspect of the case, substantially the same arguments now presented were previously advanced by this taxpayer and rejected by this Court on the merits. See Acker v. Commissioner of Internal Revenue, 258 F.2d 568 (6th Cir. 1958), cert. denied, 358 U.S. 940, 79 S.Ct. 346, 3 L. Ed.2d 348.

Judgment affirmed.