**John DOE**

v.

**James P. BOYLE, Dist. Director, Internal Revenue Service, et al.**

**Civ. A. No. 209–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 26, 1973.

A. Andrew Giangreco, Alexandria, Va., for plaintiff.

David G. Lowe, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

John Doe, plaintiff known only by true name to his counsel, seeks declaratory and injunctive relief from the Court. Jurisdiction is alleged pursuant to 28 U.S.C. § 1343(3).[1] The parties are presently before the Court pursuant to defendants' motion to dismiss.

John Doe is according to his allegations, caught upon the horns of dilemma. He avers that he is presently under investigation by the Internal Revenue Service (IRS) for failure to file income tax returns for the years 1970 and 1971. Though he has prepared said returns, he urges that he is "fearful of filing same upon the ground that the returns will be used and admitted as evidence against him in a non-filing charge." He thus complains that although he is under statutory compulsion to file, doing so might involve the admission of "a crucial

[1]. The jurisdictional averment is defective as § 1343 does not apply to federal officials. See Lynch v. Household Finance, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). In view of the Court's disposition of this matter the jurisdictional questions will not be explored.

element of a crime." He accordingly seeks an order prohibiting the use of the returns, once filed, as evidence against him in a criminal action for non-filing. His claim is apparently grounded upon alleged application of the Fifth Amendment.

 The government has moved to dismiss on the grounds that the complaint fails to comply with Rule 10(a), F.R.Civ.P. by virtue of not including plaintiff's true name. Plaintiff has resisted this motion on the ground that disclosure of his name would violate his attorney-client privilege.

Although the Court has reservations that failure to comply with Rule 10, which is addressed to matters of form, will sustain a motion to dismiss, there is some authority in support of this view. See Roe v. State of New York, 49 F.R.D. 279 (S.D.N.Y.1970). The Court, however, has difficulty with plaintiff's position for more fundamental reasons.

The Fifth Amendment protects people, not aliases. The standard for application of the Fifth Amendment privilege is whether "the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." Marchetti v. United States 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L. Ed.2d 889 (1968). While the Court accepts the representation of plaintiff's counsel that plaintiff is indeed confronted by a real hazard of incrimination, said representation could not alone, in view of the personal nature of the Fifth Amendment right carry plaintiff's burden of proof on this issue. Should the Court proceed in this matter in its present posture, and should plaintiff prevail, numerous persons could appear after judgment claiming to be John Doe. That prospect offends the sacred nature of the Fifth Amendment guaranty of personal liberty.

As Justice Holmes said in a similar context in United States v. Sullivan, 274 U.S. 259, 264, 47 S.Ct. 607, 608, 71 L.Ed. 1037 (1927), the plaintiff "could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law." The Supreme Court's rejection in *Sullivan* of a broad, conclusory invocation of the Fifth Amendment privilege is, to the Court's satisfaction, supportive of its view of the personal, specific nature of the Fifth Amendment right.

For the foregoing reasons, therefore, this matter shall be dismissed.

An appropriate order shall enter.