Sean BROWN

v.

## DEPARTMENT OF INLAND FISHERIES AND WILDLIFE.

Supreme Judicial Court of Maine.

Argued June 1, 1990.

Decided July 23, 1990.

John W. Abbott (orally), Yarmouth, for plaintiff.

Thomas Warren (orally), Cabanne Howard, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Sean Brown appeals from a summary judgment in favor of the Department of Inland Fisheries and Wildlife ("Department") entered in the Superior Court (Kennebec County, *Brody, C.J.*) on Brown's complaint seeking a declaration that the provision of the whitewater rafting law that requires all noncommercial rafters to file a registration statement prior to engaging in that activity on two of Maine's rivers, 12 M.R.S.A. § 7369(12) (Supp.1989), violates rights guaranteed him by the Constitutions of the United States and Maine. We agree with the Superior Court that the provision is constitutional and affirm the judgment.

Whitewater rafting in Maine is regulated pursuant to 12 M.R.S.A. §§ 7361–7370–A (Supp.1989). The regulation was necessitated by the increased recreational use of watercraft on Maine's rapidly flowing rivers, *see* 12 M.R.S.A. § 7361, and resulted in the imposition of limits upon the use of the Kennebec and West Branch of the Penobscot Rivers by commercial whitewater operators. *See id.* § 7368. The limits are implemented through an allocation process that restricts the total number of commercial passengers allowed on the rivers and apportions those passengers among differ-

ent commercial whitewater outfitters. *Id.* §§ 7368(2–A), (3), 7369; *see New England Whitewater Center, Inc. v. Department of Inland Fisheries & Wildlife,* 550 A.2d 56 (Me.1988).

To prevent evasion of the regulatory statute and the limits placed on commercial use of the rivers and to monitor the total usage of those rivers, 12 M.R.S.A. § 7369(12)[1] requires that noncommercial users of the regulated rivers file a trip registration form with the Department stating that the use of the river is noncommercial. The form used by the Department requires the names of all persons using the craft and the name, driver's license number or social security number of the person designated as the "group leader" of the trip. Failure of a noncommercial whitewater rafter to file the form may result in a civil penalty of up to $5000, and operation of a commercial whitewater trip without a license is a Class E crime. 12 M.R.S.A. § 7370–A.

Brown is a resident of Oakland who frequently whitewater rafts on the Kennebec River with his family and friends. As a noncommercial user of the Kennebec, he is required to file the form with the Department. Brown challenged the constitutionality of 12 M.R.S.A. § 7369(12) in a complaint for declaratory judgment brought against the Department.[2] Acting on Brown's motion for summary judgment, the court denied his motion and, instead, granted summary judgment for the Department. *See* M.R.Civ.P. 56(c).

Brown contends, *inter alia,* that the registration requirement infringes on his constitutional right to travel, violates his rights to be free from unreasonable search and seizure and against compelled self-incrimination, and violates his right to privacy. We find Brown's arguments unpersuasive.

Brown's first claim is that the registration requirement of section 7369(12) interferes with the right to travel recognized as a fundamental constitutional right in *United States v. Guest,* 383 U.S. 745, 757, 86 S.Ct. 1170, 1177–78, 16 L.Ed.2d 239 (1965), and that section 7369(12) fails to withstand the heightened scrutiny test that must be applied to the interference with that right.[3] We disagree that all travel is protected under the United States Constitution as fundamental. Rather, that protection is accorded migration undertaken "with intent to settle and abide."[4] *Cole v. Housing Auth.,* 435 F.2d 807, 811 (1st Cir. 1970); *see Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Brown's intrastate recreational use of the Kennebec River does not fall within the perimeters of the constitutionally protected fundamental right to travel so as to trigger strict scrutiny of the registration requirement.[5] In applying the proper test, the registration requirement for the noncommercial users of the regulated river bears a

---

1. 12 M.R.S.A. § 7369(12) provides as follows:

   **Noncommercial whitewater rafting trips; prior registration required.** Any person without a commercial whitewater outfitter's license using a whitewater craft on any stretch of river for which a specific allocation is required, and including days for which an allocation is not required, shall, prior to launching the craft, file a noncommercial trip registration form with the department. The form shall state that the person's use of whitewater craft on this river stretch does not constitute a commercial whitewater trip as defined in section 7363 and shall be signed by all persons using the craft.

2. In an amendment to his complaint, Brown also challenged 12 M.R.S.A. § 7363(6), the provision defining a commercial whitewater outfitter. He has since dismissed that claim.

3. Brown also contends that the right to travel is protected by art. I, §§ 1, 4 of the Maine Constitution, and under the common law of Maine. None of these sources creates a fundamental right to travel that compels us to strike down section 7369(12).

4. The fundamental right to travel can include the right to international travel. *Aptheker v. Secretary of State,* 378 U.S. 500, 505–06, 84 S.Ct. 1659, 1663–64, 12 L.Ed.2d 992 (1964); *Kent v. Dulles,* 357 U.S. 116, 120–26, 78 S.Ct. 1113, 1115–18, 2 L.Ed.2d 1204 (1958).

5. If a fundamental right is implicated by regulation, the state would be required to demonstrate that the restriction is narrowly tailored to promote a compelling state interest. *Shapiro v. Thompson,* 394 U.S. 618, 638, 89 S.Ct. 1322, 1333, 22 L.Ed.2d 600 (1969).

rational relationship to the state's legitimate purposes of preventing evasion of the law by commercial outfitters and of monitoring the use of its limited whitewater resources.

Brown next contends that the fourth amendment guarantee against unreasonable searches and seizures and the fifth amendment privilege against self-incrimination are transgressed by the requirement that recreational users of the whitewater rivers file a registration statement signed by the group leader and identifying the passengers with whom he or she travels. In support of the claim of unconstitutionality under the fourth amendment, Brown argues that the time required to complete the registration form comprises a detention or a seizure. He fails, however, to set forth any facts concerning the dissemination or collection of the forms that might indicate that he was subjected to an intrusive detention or stop in violation of fourth amendment guarantees. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968); *State v. Preble*, 430 A.2d 553, 555 (Me.1981).

Brown's fifth amendment claim likewise fails. Here, the registration provision is a small part of a statutory scheme that is overwhelmingly regulatory and not criminal, and is directed at the general public rather than a select group that might be forced to reveal incriminatory matters in order to comply. *Compare Albertson v. Subversive Activities Control Bd.*, 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965) (upholding privilege where registration requirement of Subversive Activities Control Act was directed at a "highly selective group inherently suspect of criminal activities") *with United States v. Sullivan*, 274 U.S. 259, 263, 47 S.Ct. 607, 607, 71 L.Ed. 1037 (1927) (rejecting applicability of fifth amendment privilege to federal tax return). Brown's fifth amendment rights are insufficiently implicated by the registration requirement so as to require invalidation. *California v. Byers*, 402 U.S. 424, 431–32, 91 S.Ct. 1535, 1539–40, 29 L.Ed.2d 9 (1971).

Likewise, we reject Brown's further contention that the information elicited by the registration form is of a nature that implicates the right of privacy. The disclosure effected by the registration form does not "relate to the intimate facets of [his] personal life (*e.g.*, marriage, procreation, contraception, family relationships, child rearing or education)" identified with the right to privacy. *Yeager v. Hackensack Water Co.*, 615 F.Supp. 1087, 1092 (D.N.J.1985) (citations omitted). Nor do we find any merit in Brown's arguments that the registration requirement interferes with his freedom of association or denies him due process or equal protection of the law.

We find no fault with the conclusion of the Superior Court that the registration requirement of section 7369(12) does not implicate any fundamental constitutional rights and that it is a reasonable effort on the part of the state to prevent evasion of the regulations placed on commercial whitewater outfitters, and to monitor the total use of sorely burdened whitewater rivers.

The entry is:

Judgment affirmed.

All concurring.