991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John R. GASSEI, Defendant-Appellant.
 No. 92-6319.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 John Gassei was convicted of attempting to evade or defeat the payment of income tax for the years 1985, 1986, and 1987. He was sentenced to three concurrent terms of seven months and to a three-year term of supervised release. As a special condition of that release, the court required Mr. Gassei to file income tax returns for the three years relating to his conviction as well as for the ensuing three years. He now appeals the special condition, arguing the requirement he file returns for years other than those relating to his conviction violates his Fifth Amendment privilege against self-incrimination. Long established principles lead us to disagree, and we affirm.
 The only issue in this appeal is whether the district court violated defendant's right not to incriminate himself by requiring he file income tax returns for the years 1988, 1989, and 1990. Conceding the district court has discretion to fashion conditions of release, he contends: "requiring an individual to file returns for tax years subsequent to the years of conviction requires the individual to incriminate himself."
 Mr. Gassei does not explain how the mere filing of the return will incriminate him. For example, he does not assert his income came from illegal sources, nor does he identify any particular information required by an income tax return that might tend to incriminate him. In virtually shibbolethic tax resister cant, he simply argues he cannot be compelled to disclose his income without violation of the Fifth Amendment.
 This argument has been defunct for decades. In United States v. Sullivan, 274 U.S. 259, 263-64 (1927), Justice Holmes said:
 
 
 1
 In the decision that [the requirement to file a return] was contrary to the Constitution we are of opinion [sic] that the protection of the Fifth Amendment was pressed too far. If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all.... It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. But if the defendant desired to test that or any other point he should have tested it in the return so that it could be passed upon. He could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law.
 
 
 2
 The Fifth Circuit, in United States v. Johnson, 577 F.2d 1304, 1310 (5th Cir.1978) said:
 
 
 3
 Johnson errs in his interpretation of his rights under the Fifth Amendment in the context of the income tax laws. He contends that his privilege against self-incrimination permits him to "stand mute" and refuse to cooperate at all in the determination of his tax liability. He argues that he has a privilege, under the Fifth Amendment, to refuse to disclose any income information since he claims that some of his income was derived from illegal activities.... Under well-established precedents, Johnson is wrong in these contentions.
 
 
 4
 (empahsis in original). Similarly, we have held, "it is an illegal effort to stretch the Fifth Amendment to include a taxpayer who wishes to avoid filing a return," United States v. Brown, 600 F.2d 248, 252 (10th Cir.), cert. denied, 444 U.S. 917 (1979), and "[t]he filing of federal income tax information does not violate Fifth Amendment rights, inasmuch as such information is offered in a non-accusatorial setting." Pauldino v. United States, 500 F.2d 1369, 1370 (10th Cir.1974).
 
 
 5
 We believe defendant's argument that he has a blanket right to refuse to file which is protected by the Fifth Amendment is wholly unfounded. Because that was his only objection to the imposition of the special condition of supervised release, we conclude the district court did not err.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3