15 F.3d 1087
 73 A.F.T.R.2d 94-879
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John MCDOUGALL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-70289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1993.*
Decided Dec. 29, 1993.
 
 Before: KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant petitions for review of a Tax Court decision affirming the Commissioner of Internal Revenue's (CIR) determination of tax deficiency and penalties for the 1987 tax year. Appellant contends that his fifth amendment privilege against self-incrimination will be violated if he is forced to (1) file a tax return for tax year 1987 or (2) introduce evidence in the tax court to rebut the CIR's determination of deficiency by the appellant. Appellant's contentions lack merit.
 
 
 3
 A fifth amendment claim of self-incrimination does not justify an outright refusal to file a tax return. United States v. Sullivan, 274 U.S. 259, 263 (1927); United States v. Neff, 615 F.2d 1235, 1239 (9th Cir.) cert. denied, 447 U.S. 925 (1980). To invoke the fifth amendment, a taxpayer must file some type of tax return and indicate why response to specific questions would be incriminating. In this case, appellant refused to file any return whatsoever. Therefore, his reliance on the fifth amendment is misplaced.
 
 
 4
 Furthermore, the determinations made by the CIR are presumptively correct and the taxpayer bears the burden of producing evidence that these determinations are in error. Welch v. Helvering, 290 U.S. 111, 115 (1933); Baxter v. CIR, 816 F.2d 493, 495 (9th Cir.1987); Tax Ct.R. 142(a) codified at 26 U.S.C. foll. Sec. 7453 (1989). It is well settled that a taxpayer may not assert his fifth amendment privilege against self-incrimination to satisfy his burden of production. United States v. Rylander, 460 U.S. 752, 758 (1983). The privilege against self-incrimination "has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production." Id. Therefore, the appellant in this case may not rely on his privilege against self-incrimination to justify his failure to rebut the presumptively correct determinations made by the CIR.
 
 
 5
 For the foregoing reasons, we affirm the tax court's decision. Because we find this appeal to be frivolous, we award penalties against the appellant pursuant to 28 U.S.C. Sec. 1912 in the amount of $2500. AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3