**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**BURGETT GREENHOUSES, INC., Burgett Floral Company, Burgett Wholesale Floral Co., and Everett Dale Burgett, Defendants-Appellants.**

No. 83–2698.

United States Court of Appeals, Tenth Circuit.

April 25, 1985.

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

Wesley Reid Bobbitt, Albuquerque, N.M., for defendants-appellants.

Barbara E. Kahl, Washington, D.C. (Francis X. Lilly, Deputy Sol. of Labor, Joseph M. Woodward, Acting Associate Sol., Linda Jan S. Pack, Susan R. Mendelsohn, and James E. White, Regional Sol., U.S. Dept. of Labor, Washington, D.C., on brief), for plaintiff-appellee.

Before BARRETT and McKAY, Circuit Judges, and ELLISON, District Judge.[*]

McKAY, Circuit Judge.

The Secretary of Labor obtained a judgment against defendant on April 4, 1977, in which the district court found that the defendant had willfully violated the Fair Labor Standards Act. It found that defendant had employed an average of ten illegal aliens who were paid less than a dollar per hour and were not paid overtime compensation. The court granted the Secretary's request for a prospective injunction and also issued a retroactive injunction restraining defendant from continuing to withhold payment of unpaid wages due to 28 identified employees and an unknown number of unidentified illegal aliens in an amount of $113,347.71 plus interest. The defendant did not appeal the court's decision on the merits.

On November 19, 1982, the Secretary filed his petition for adjudication in civil contempt alleging that defendant had failed to comply with the retroactive mandatory injunction. To meet its prima facie case, the Secretary introduced into evidence an affidavit of Carl Bass, a Labor Department official, establishing that the Department of Labor had no record of having received payments pursuant to the injunction. The affidavit was dated October 29, 1982. Defendant at no time asserted that any payments had been made pursuant to the injunction, nor did he attempt to offer any evidence to show compliance with the injunction. The district court found the defendant in contempt for failure to comply with its April 4, 1977 injunction. The order remanding defendant into custody of the United States Marshall was stayed provided the contempt was purged by installment payments.

Defendant appeals, raising four issues. First, he claims that the district court should have dismissed the Secretary's contempt petition as being beyond the period of limitations set forth in 29 U.S.C. § 255 (1975). Second, he argues that the Secretary failed to establish a prima facie case. Third, he argues that he established inability to pay and that that inability was not rebutted by the Secretary. Finally, he argues that the original judgment is void for want of proper service of process.

■ Taking the easiest issues first, we find that the plaintiff's fourth issue is without merit. While there may have been some technical defect in the service of process in the original suit, defects in in personam jurisdiction can be waived by the parties. Defendant's actions in defending the original suit without objection to the manner of service and his failure to appeal the original judgment constitutes a waiver of whatever objection may have existed in the original suit.

■ We reject the defendant's argument that the statute of limitation found in Section 255 bars the Secretary's petition seeking enforcement of the judgment entered in

* Honorable James O. Ellison, United States District Judge for the District of Oklahoma, sitting by designation.

1977. Two of the three courts of appeals that have addressed the issue have held that section 255 does not bar a contempt proceeding brought after three years to enforce a judgment, *Donovan v. Sureway Cleaners*, 656 F.2d 1368 (9th Cir.1981); *Wirtz v. Ocala Gas Co.*, 336 F.2d 236 (5th Cir.1964); *but see Wirtz v. Chase*, 400 F.2d 665 (6th Cir.1968).

 We agree with the Fifth and Ninth Circuits that the statute of limitations in section 255 does not apply to actions seeking to enforce judgments obtained under the act. But we do not conclude that the Secretary can, by obtaining an injunction, forever hold the defendant in fear of enforcement with no hope of repose. Statutes of limitation force a would-be plaintiff to *commence* his cause of action within the statutory period or leave the defendant in repose. Once the cause of action is reduced to judgment, the statute of limitations becomes immaterial. The issue then becomes one of the life of the judgment. Defendant has failed to show, under any theory on the life of a judgment, how this judgment has expired. We therefore hold that the judgment had not expired when the Secretary filed his petition, and the district court did not err in failing to dismiss the Secretary's petition.

In attempting to show that the Secretary failed to make a prima facie case, defendant makes several arguments that go to the weight of the Secretary's evidence. However, the Secretary's uncontradicted evidence was clearly sufficient to support the district court's finding of contempt.

Once the Secretary made his prima facie case, the defendant could avoid a contempt adjudication by showing through clear and convincing evidence that he was unable to meet the requirements of the injunction. To meet this burden the defendant must prove "plainly and unmistakeably [his inability to comply with the order of the court].... This is particularly true when, as here, the defense—i.e., financial inability to comply—rests on facts which are peculiarly within the defendant's own knowledge." *Hodgson v. Hotard*, 436

F.2d 1110, 1115 (5th Cir.1971). Defendant failed to meet this burden, and the record supports the district court's finding that the defendant had engaged in a deliberate effort to hide his assets and avoid holding assets in his own name by diverting assets to corporations over which he had "effective ownership." The evidence supports the district court's piercing of the corporate veil and holding the corporations with assets to be defendant's alter ego. Therefore, we affirm the district court's finding that defendant had failed to prove his defense of inability to comply.

The judgment of the district court is affirmed. Because of defendant's failure to comply with the terms of the supersedeas bond, it is ordered that the mandate issue forthwith.