CHRISTINE M. ARGUELLO, United States District Judge
This matter is before the Court on Defendant Helix TCS, Inc.'s Motion to Dismiss. (Doc. # 13.) Defendant argues that Plaintiff Robert Kenney's claim against it must be dismissed for want of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failing to state claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Id. at 1-2.) For the reasons stated below, Defendant's Motion to Dismiss is denied.
I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Defendant's sole business purpose is to "provid[e] security, inventory control, and compliance services to the marijuana industry in Colorado." (Doc. # 13 at 2.) Between approximately February 2016 and April 2017, Plaintiff worked for Defendant as a security guard, alternatively referred to by Defendant as a "site supervisor."[1]
*1188 (Doc. # 1 at 2.) Plaintiff's job duties included "monitoring security cameras, patrolling assigned locations, investigating and documenting all facility-related incidents, and enforcing client, local, state, and federal policies and regulations." (Id. at 3.) Defendant classified Plaintiff as an exempt employee under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 - 19, and paid him a salary. (Id. )
Plaintiff alleges that he and other similarly-situated security guards frequently performed non-exempt job duties that were "routine" and "predetermined" by Defendant or its clients and regularly worked in excess of 40 hours per week. (Id. ) Plaintiff contends that he was not an exempt employee under any applicable exemption of the FLSA and is thus owed overtime compensation under 29 U.S.C. § 207(a). (Id. )
On July 20, 2017, Plaintiff initiated this action against Defendant on behalf of himself and all others similarly situated[2] under the collective action provisions of the FLSA. (Id. at 2); see 29 U.S.C. § 216(b). He asserts a single claim: willful failure to pay "overtime at rates not less than one and one-half times the regular rate," in violation of 29 U.S.C. § 207(a). (Doc. # 1 at 5.) Plaintiff seeks recovery of unpaid overtime compensation, liquidated damages, attorney's fees, and costs. (Id. at 5-6.)
Defendant filed the Motion to Dismiss now before the Court on September 13, 2017. (Doc. # 13.) Plaintiff responded in opposition to the Motion to Dismiss on October 2, 2017. (Doc. # 28.) Defendant replied on October 25, 2017 (Doc. # 34.)
II. LEGAL PRINCIPLES GOVERNING A MOTION TO DISMISS
Defendant moves under Rule 12(b)(1) and Rule 12(b)(6) to dismiss Plaintiff's claim. (Doc. # 13 at 1.) Where, as here, a defendant seeks dismissal under Rule 12(b)(1) and Rule 12(b)(6) in the alternative, "the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." Mounkes v. Conklin , 922 F.Supp. 1501, 1506 (D. Kan. 1996) (citing Moir v. Greater Cleveland Reg'l Transit Auth. , 895 F.2d 266, 269 (6th Cir. 1990) ).
Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. Davis ex rel. Davis v. United States , 343 F.3d 1282, 1294 (10th Cir. 2003). The court's task in resolving a Rule 12(b)(1) motion is a relatively limited one; it is only whether the court lacks authority to adjudicate the matter. Glapion v. Castro , 79 F.Supp.3d 1207, 1212 (D. Colo. 2015) (citing Castaneda v. INS , 23 F.3d 1576, 1580 (10th Cir. 1994) ). "The issue is not whether plaintiff will ultimately succeed on the merits." Hanford Downwinders Coalition, Inc. v. Dowdle , 841 F.Supp. 1050, 1057 (E.D. Wash. 1993). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. Basso v. Utah Power & Light Co. , 495 F.2d 906, 909 (10th Cir. 1974).
Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient *1189 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Plausibility in this context means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.
III. ANALYSIS
A. DEFENDANT'S JURSIDICTIONAL ARGUMENT
Defendant argues that the Court must dismiss this case pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. (Doc. # 13 at 4-13.) Defendant reasons that because Plaintiff is employed in the marijuana industry, an industry "entirely forbidden" by the Federal Controlled Substances Act (the "CSA"), 21 U.S.C. § 812, Plaintiff does not enjoy the protections of the FLSA, and thus, the Court does not have subject matter jurisdiction over Plaintiff's claim. (Id. ) According to Defendant, "[t]he protections of federal law ... are simply unavailable to an individual or business choosing to participate in an industry that is criminalized under federal law." (Id. at 12.)
At the outset, the Court observes that Defendant appears to be confused about the concept of jurisdiction. Its argument does not concern jurisdiction at all. Plaintiff claims that Defendant violated a federal statute-the FLSA-and this Court therefore has subject matter jurisdiction (and specifically, federal question jurisdiction) over the case. See Breuer v. Jim's Concrete of Brevard, Inc. , 538 U.S. 691, 695, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003) ("The FLSA provides that an action 'may be maintained ... in any Federal or State court of competent jurisdiction,' 29 U.S.C. § 216(b), and the [federal] district courts would in any event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331... and § 1337(a)").
Defendant's argument actually goes to the sufficiency of Plaintiff's claim. As Plaintiff observes (Doc. # 28 at 3-5), Defendant is actually disputing the legal sufficiency of Plaintiff's FLSA claim. See Arbaugh v. Y & H Corp. , 546 U.S. 500, 516, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (holding that a statute's definitional requirement of who qualifies as an "employer" "is an element of a plaintiff's claim for relief, not a jurisdictional issue"); Fuqua v. Celebrity Enter., Inc. , No. 12-cv-0208-WJM-KMT, 2012 WL 4088857, *2 (D. Colo. Sept. 17, 2012) (denying employer's Rule 12(b)(1) motion to dismiss in an FLSA collective action where employer argued plaintiff was not a protected employee). Accordingly, Defendant's argument should be considered an argument made pursuant to Rule 12(b)(6). Greenwood v. Green Leaf Lab LLC , No. 3:17-cv-00515-PK, 2017 WL 3391671, *1 (D. Or. July 13, 2017), adopted at 2017 WL 3391671 (D. Or. Aug. 7, 2017) (where defendant argued that the court lacked jurisdiction to hear plaintiff's FLSA claim because the business was illegal under federal law, finding that defendant was challenging the legal sufficiency of plaintiff's FLSA claim and treating defendant's motion to dismiss as being brought under Rule 12(b)(6) ).
Defendant's argument fails. Defendant does not cite to any authority adopting its novel theory of jurisdiction. However, ample authority expressly rejecting Defendant's argument exists. In Greenwood v. Green Leaf Lab LLC , for example, the District of Oregon rejected Defendant's argument in a nearly-identical case.
*1190 2017 WL 3391671 at *1. There, the plaintiff worked for the defendant marijuana-testing laboratory as a courier and brought FLSA claims against the defendant, alleging that the defendant failed to pay him and others similarly-situated minimum wage or overtime pay. Id. The defendant-employer moved to dismiss the plaintiff's FLSA claims for lack of subject matter jurisdiction, arguing that FLSA claims were barred by the CSA. Id. The court refused to accept the defendant's argument, concluding that "any possible violations of the [CSA] are not relevant to whether the FLSA's protections apply" to the plaintiff. Id. at *3.
Apart from the context of the FLSA, case law is clear that employers are not excused from complying with federal laws, such as the FLSA, just because their business practices may violate federal law. E.g. , United States v. Sullivan , 274 U.S. 259, 263, 47 S.Ct. 607, 71 L.Ed. 1037 (1927) (where defendant's business violated federal prohibition laws, holding that there was no reason "why the fact that a business is unlawful should exempt it from paying the taxes that if lawful it would have to pay"); Donovan v. Burgett Greenhouses, Inc. , 759 F.2d 1483, 1485 (10th Cir. 1985) (finding FLSA violations where defendant employed illegal aliens in violation of federal law).
For these reasons and those put forth by Plaintiff in his Response to the Motion to Dismiss[3] (Doc. # 28), the Court has jurisdiction over the instant action and squarely rejects Defendant's argument otherwise.
B. DEFENDANT'S NON-EXEMPT EMPLOYEE ARGUMENT
Alternatively, Defendant moves to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) on the basis that Plaintiff "fails to sufficiently allege the basis" for his assertion "that he was a non-exempt employee subject to relief." (Doc. # 13 at 14-15.) Noting that the FLSA does not apply to an employee "employed in a bona fide executive, administrative, or professional capacity," 29 U.S.C. § 213(a)(1), Defendant contends that Plaintiff's Complaint "simply cherry picks certain job duties," even though Plaintiff's "essential job functions and duties are to manage [Defendant's] site employees." (Doc. # 13 at 14.) Defendant argues that Plaintiff's factual pleadings are "not sufficient" to establish that he was a non-exempt employee with a right to relief under the FLSA. (Id. )
The Court is not persuaded. It is Defendant's burden to prove that a statutory exemption applies to Plaintiff. See Lederman v. Frontier Fire Protection, Inc. , 685 F.3d 1151, 1157-58 (10th Cir. 2012). Plaintiff need not plead facts establishing that he is a non-exempt employee because an exemption under the FLSA is an affirmative defense for which the employer bears the burden of proof. See Dejesus v. HF Mgmt. Serv. , LLC, 726 F.3d 85, 91 n.7 (2nd Cir. 2013).
IV. CONCLUSION
In accordance with the foregoing, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 13) is DENIED.

In reviewing a motion to dismiss, the Court is bound to take the well-pleaded factual allegations in the Complaint as true and view them in the light most favorable to the nonmoving party. Papasan v. Allain , 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Plaintiff defines the class of similarly-situated workers as "all security guards and/or site supervisors employed by Helix TCS, Inc. during the past three (3) years who received a salary and no overtime compensation." (Doc. # 1 at 2.)

Plaintiff argues at length that the cases cited in Defendant's Motion to Dismiss are inapposite. (Doc. # 28 at 8-10.) The Court agrees and incorporates Plaintiff's analysis by reference.