**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT KENNEY, individually and on
behalf of all others similarly situated,

     Plaintiff - Appellee,

v.

                          No. 18-1105

HELIX TCS, INC.,

     Defendant - Appellant.
_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:17-CV-01755-CMA-KMT)**
_____

Jordan D. Factor, (Jeremy T. Jonsen and Carissa V. Sears, with him on the briefs) Allen Vellone Wolf Helfrich & Factor, P.C., Denver, Colorado, for Defendant-Appellant.

Lyndsay R. Itkin, (Michael Andrew Josephson, with her on the brief) Josephson Dunlap Law Firm, Houston, Texas for Plaintiff-Appellee.
_____

Before **HARTZ**, **SEYMOUR**, and **EID**, Circuit Judges.
_____

**SEYMOUR**, Circuit Judge.
_____

Plaintiff Robert Kenney is a former employee of Defendant Helix TCS, Inc.

("Helix"), which provides security services for businesses in Colorado's state-

sanctioned marijuana industry. Mr. Kenney filed this lawsuit against Helix under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, alleging that Helix misclassified him and similarly situated workers as exempt from the FLSA's overtime obligations. Helix moved to dismiss Mr. Kenney's claim based on the Controlled Substance Act ("CSA"), 21 U.S.C. §801, *et seq*, arguing that Mr. Kenney's employment activities are in violation of the CSA and are thus not entitled to FLSA protections. The district court denied Helix's motion to dismiss. We affirm.

## I.

Between approximately February 2016 and April 2017, Mr. Kenney worked as a security guard for Helix. Mr. Kenney alleges that he and other similarly situated security guards regularly worked more than forty hours per week. Nevertheless, Helix classified these workers as exempt employees under the FLSA and paid them a salary instead of overtime. Mr. Kenney initiated this action against Helix under the collective action provisions of the FLSA, *see* 29 U.S.C. § 216(b), contending that Helix misclassified the security guards as exempt employees even though they frequently performed non-exempt job duties. He claims Helix is in violation of 29 U.S.C. § 207(a) by willfully failing to pay overtime.

Helix provides security, inventory control, and compliance services to the marijuana industry in Colorado. *Kenney v. Helix TCS, Inc.*, 284 F. Supp. 3d 1186, 1188 (D. Colo. 2018). Mr. Kenney's job duties at Helix included monitoring security

cameras, patrolling assigned locations, investigating and documenting all facility-related incidents, and enforcing client, local, state, and federal policies and regulations. *Id.* Helix asserts that the FLSA does not apply to workers such as Mr. Kenney because Colorado's recreational marijuana industry is in violation of the Controlled Substances Act. It therefore moved to dismiss Mr. Kenney's FLSA claim for want of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure or, alternatively, under Rule 12(b)(6) for failure to state a claim.

The district court denied Helix's motion to dismiss and then certified Helix's interlocutory appeal of its order. Exercising jurisdiction pursuant to 28 U.S.C. § 1292(b), we affirm.

II.

Both parties agree that we review *de novo* the district court's denial of Helix's motions to dismiss. A Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter. Helix argued below that the district court lacked subject matter jurisdiction because there is no federal interest at stake. The district court correctly rejected this argument, identifying it as a challenge to the legal sufficiency of Mr. Kenney's claims rather than the jurisdiction of the federal courts. *Kenney*, 284 F. Supp. 3d at 1189 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (holding statute's definitional requirement of who qualifies as employer "is an element of a plaintiff's claim for relief, not a

3

jurisdictional issue")). Helix only cursorily mentioned this argument in its opening brief and dropped the issue entirely in its reply brief.

A Rule 12(b)(6) motion to dismiss requires the court to evaluate the sufficiency of the plaintiff's allegations. "At this stage in the litigation, we accept as true the well pleaded factual allegations and then determine if the plaintiff has provided enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (internal citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.

Whether § 207(a) of the FLSA applies to Mr. Kenney is an issue of statutory interpretation, which always begins with the plain language of the statute. *See, e.g.*, *Artis v. D.C.*, 138 S. Ct. 594, 603 (2018). To state a claim for a violation of this FLSA provision, a plaintiff merely must show that he is an employee who (a) worked more than forty hours per week, and (b) is either "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). The statute then enumerates certain categories of employees that are explicitly exempted from FLSA protections, regardless of whether they meet these requirements. The

employer bears the burden to prove that an exemption under the FLSA applies to the plaintiff. *See, e.g., Lederman v. Frontier Fire Protection Inc.*, 685 F. 3d 1151, 1157–58 (10th Cir. 2012). Our case law confirms that FLSA protections apply unless an establishment fits "plainly and unmistakably within the terms and the spirit of the exemption invoked." *Schoenhals v. Cockrum*, 647 F.2d 1080, 1081 (10th Cir. 1981).

Helix does not dispute the fact that Mr. Kenney is an employee who worked more than forty hours per week, and Mr. Kenney has clearly alleged that he is covered by the plain language of the FLSA.[1] Nor does Helix argue that Mr. Kenney fits into one of the FLSA's enumerated categories of excluded employees. As the Supreme Court has long emphasized, where the statute's language is plain the sole function of the courts is to enforce it according to its terms. *Lucas v. Jerusalem Café*, LLC., 721 F.3d 927, 934 (8th Cir. 2013) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). So Helix's challenge "must fail unless [it] can point to a different statutory basis for limiting 'the broadest definition that has ever been included in any one act.'" *Lucas*, 721 F.3d at 934 (quoting 81 Cong. Rec.

---

[1] Helix does contest the allegation that it engages in commerce within the meaning of the FLSA, *see generally* 29 U.S.C. § 203(b) ("'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."), arguing for the first time on appeal that Colorado's marijuana industry is only authorized within the state's borders. But Helix has waived this argument by raising it for the first time on appeal. *See Hormel v. Helvering*, 312 U.S. 552, 556 (1941); *Tele–Communications, Inc. v. Commissioner of Internal Revenue*, 12 F.3d 1005, 1007 (10th Cir. 1993).

7656–57 (1937) (statement of Sen. Black)). [2]

Although Helix sidesteps the disfavored phrase "implied repeal" and claims to merely be reading the statutes in harmony with each other, in effect it proposes that we interpret the CSA as implicitly repealing the FLSA's overtime mandate for employers in the marijuana industry. *See Epic Systems Corp v. Lewis*, 138 S. Ct. 1612, 1623–24 (2018). Construing this as Helix's true argument is particularly accurate in light of marijuana's history as a legal industry. *See, e.g.*, Marihuana Tax Act, 50 Stat. 551 (repealed 1970) (regulating all persons dealing with marijuana, including companies and corporations); *see also Raich*, 545 U.S. at 11 (explaining history of marijuana regulation). Prior to enactment of the CSA in 1970, the FLSA unquestionably covered these workers. The Supreme Court recently reiterated that an implied repeal argument "faces a stout uphill climb." *Epic Systems*, 138 S. Ct. at 1624. We approach these arguments with a "strong presumption that repeals by implication are disfavored and that Congress will specifically address preexisting law when it wishes to suspend its normal operations in a later statute." *Id.* (citation, quotation marks, and brackets omitted). And, as Helix itself declares, Congress is

---

[2] Helix develops several lines of argument that do not bear on the resolution of this appeal. Helix frames the issue as one of preemption by setting state-sanctioned marijuana use in opposition to the CSA, lengthily addresses federal enforcement of the CSA with respect to marijuana offenses, and examines state court treatment of employment protections in the context of marijuana use. None of these arguments pertain to the present case, which concerns not the federal legality of marijuana but the interaction between two federal laws and the resultant application of the FLSA to the plaintiffs here.

6

presumed to know the law when legislating. Aplt. Br. at 19; *see also In re Harline*, 950 F.2d 669, 675 (10th Cir. 1991).

Helix argues that inclusion of Mr. Kenney under the FLSA is an overly technical reading of the statute, and that legislative intent with respect to this issue must be inferred from the distinctive purposes of the FLSA and the CSA as the two statutes in question. Helix contrasts the purpose of the FLSA, which it identifies as ensuring "the free flow of goods in commerce" and "the orderly and fair marketing of goods in commerce," Aplt. Br. at 20 (citing 29 U.S.C. § 202), from the purpose of the later-enacted CSA, which it describes as "eliminat[ing] commercial transactions of marijuana in the interstate market in their entirety." *Id.* (citing *Raich*, 545 U.S. at 20) (brackets omitted). Helix then asserts that Mr. Kenney's interpretation of the FLSA would "create a clear repugnancy" between it and the CSA and impermissibly render the two laws mutually inconsistent. Aplt. Br. at 21. "Extending overtime benefits in this case would require the Court to find that Congress intended to both forbid (under the CSA) and reward (under the FLSA) the same conduct: drug trafficking." *Id*.

As outlined below, however, "case law is clear that employers are not excused from complying with federal laws" because of their other federal violations. *Kenney*, 284 F. Supp. 3d at 1190; *accord United States v. Sullivan*, 274 U.S. 259 (1927) (holding there was no reason "why the fact that a business is unlawful should exempt it from paying the taxes that if lawful it would have to pay"); *Lucas*, 721 F.3d at 934 ("The employers' argument to the contrary rests on a legal theory as flawed today as

7

it was in 1931 when jurors convicted Al Capone of failing to pay taxes on illicit income.").  Contrary to Helix's claims, recognizing Mr. Kenney as covered by the FLSA is in line with both the plain reading and the overall purposes of that statute, and doing so does not require disavowal of the CSA.

As we recognized in *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998), the Supreme Court has emphasized the "striking breadth" of the FLSA's definition of employee, which is purposefully expansive to maximize the full reach of the Act, *see United States v. Rosenwasser*, 323 U.S. 360, 363 (1945). Congress has shown that it knows how to limit this broad definition of employee when it intends to do so, and it did not do so here.  *See* 29 U.S.C. § 203(e); *see also Lucas*, 721 F.3d at 934 (applying FLSA to unauthorized immigrants).  Congress has actually amended the FLSA many times since the enactment of the CSA without excluding employees working in the marijuana industry, despite specifically exempting other categories of workers.  *See* 29 U.S.C. § 213.  The Supreme Court has held that the FLSA's "specificity in stating exemptions strengthens the implication that employees not thus exempted . . . remain within the Act."  *Powell v. United States Cartridge Co.*, 339 U.S. 497, 516–17 (1950); *accord Citicorp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 35 (1987) ("[W]here the FLSA provides exemptions 'in detail and with particularity,' we have found this to preclude 'enlargement by implication.'")  *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1154 (10th Cir. 2016) ("Because FLSA exemptions are narrowly construed

8

against . . . employers, in considering an FLSA exemption, a court must find that the claimed exemption falls plainly and unmistakably within the terms of the statute.") (internal citations and quotation marks omitted).

Moreover, the purposes of the FLSA do not conflict with the CSA quite as directly as Helix implies. Helix cherry-picks among the enumerated purposes of the FLSA, citing only those most favorable to its arguments. But the FLSA was also enacted to promote "the health, efficiency, and general well-being of workers" and to prevent unfair competition. 29 U.S.C. § 202; *see also Brock*, 483 U.S. at 36–37 (clarifying that FLSA contains more than one goal, including "Congress' desire to eliminate the competitive advantage enjoyed by goods produced under substandard conditions"). The FLSA is a remedial scheme for the benefit of all workers. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *see also Lamon v. City of Shawnee, Kan.,* 972 F.2d 1145, 1149 (10th Cir. 1992). Applying the FLSA to workers such as Mr. Kenney does not conflict with these enumerated FLSA purposes.

Helix counters that "Congress did not seek to level the same playing field that it tried to demolish." Aplt. Reply Br. at 5. But adhering to the plain language of the statute here does not level the playing field *within* the illicit marijuana market but rather *beyond* it, preventing these unlawful businesses from procuring an unfair advantage over all other legitimate employers who are required to comply with federal overtime laws. Indeed, applying FLSA protections to workers such as Mr. Kenney will not grant these individuals any surplus benefit that they cannot easily

9

obtain elsewhere, but the reverse would excuse Helix from FLSA costs and obligations and thereby allow it to reap additional benefit from its CSA violations. Denying FLSA protection to workers in the marijuana industry would consequently encourage employers to engage in illegal markets where they are subject to fewer requirements. But together the FLSA and CSA discourage businesses from participating in the marijuana industry by alternatively subjecting them to federal labor obligations and imposing criminal sanctions.[3] Accordingly, accepting the plain language interpretation that Mr. Kenney and similarly situated employees are covered by the FLSA promotes the legislature's intent in enacting the statute. *See Brock*, 483

---

[3] Helix's opening brief cites a variety of jurisprudential arenas as supporting the contention that federal courts "consistently decline to reward participation in the marijuana industry." Aplt. Br. at 10. The only context Helix continued to argue through oral argument is the Trademark Act. Beyond noting that Mr. Kinney convincingly distinguishes each of the contexts and relevant authorities that Helix cites, we will similarly restrict our analysis. A trademark qualifies for registration and its associated benefits if the trademark owner has "used [the mark] in commerce" or has a bona fide intent to do so, 15 U.S.C. § 105, and courts have long held that the commerce must be "lawful" for it to satisfy the "use in commerce" requirement. *See, e.g.*, *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1225 (10th Cir. 2000). Helix urges us to adopt a similar interpretation for the FLSA. Although the Trademark Act and FLSA both regulate interstate commerce, however, they function in fundamentally different ways. The Trademark Act confers a benefit on owners who register their marks, securing a registrant's right to benefit from a good reputation and thus protecting him from unfair competition. *See Matal v. Tam*, 137 S. Ct. 1744, 1752–53 (2017). The FLSA, in contrast, prevents unfair competition, not by conferring a benefit on certain actors but by imposing obligations across the labor market. Reading "lawful" into the threshold commerce requirement here would not further the statute's purposes by denying illegal businesses a benefit, as in the trademark context, but would thwart the FLSA's goals by exempting illicit markets from costs imposed on lawful employers.

10

U.S. at 35–36 ("Petitioner urges us to look beyond the plain language of the statute . . . . However, we conclude that the legislative intent fully supports the result achieved by application of the plain language.").

The district court correctly reasoned and case law has repeatedly confirmed that employers are not excused from complying with federal laws just because their business practices are federally prohibited. *See, e.g.*, *Sullivan*, 274 U.S. at 263; *see also Greenwood v. Green Leaf Lab LLC*, 2017 WL 3391671 at *3 (D. Or. July 13, 2017), *adopted by district court,* 2017 WL 3391671 (D. Or. Aug. 7, 2017) ("[J]ust because an Employer is violating one federal law, does not give it license to violate another.") (internal citation omitted). This has been true with respect to the FLSA in multiple contexts, strengthening the conclusion that it remains true in this novel context of the marijuana industry. *See Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483, 1485 (10th Cir. 1985); *Bustamente*, 2018 WL 2349507 at *1 (workers in an illegal gambling operation).[4] Persuasive case law endorses the concept that the FLSA is focused on regulating the activity of businesses, in part on behalf of the individual workers' wellbeing, rather than regulating the legality of individual workers' activities. *See, e.g.*, *Haro v. City of Los Angeles*, 745 F.3d 1249, 1256 (9th

---

[4] Helix attempts to distinguish these cases on the basis that those employees were engaging in entirely lawful commercial activities, whereas the employees here are engaged in activities that violate the CSA. This argument is not convincing. The illegal nature of the gambling activity in *Bustamente* was directly acknowledged by the court in a footnote, and the innocuous nature of the work being performed by undocumented immigrants in the other cases discussed does not offset their active violations of federal law in obtaining work.

11

Cir. 2014).  ("The FLSA is to be construed liberally in favor of employees; exemptions are narrowly construed against employers.").

Notably, Helix failed entirely to address the Oregon district court case that was cited here by both the district court and Mr. Kenney and is directly on-point. *Greenwood*, 2017 WL 3391671.  The district court in *Greenwood* relied on a legal advice memo written for the National Labor Relations Board to conclude that any possible violations of the CSA are not relevant to whether the FLSA's protections apply to workers in the marijuana industry. *Id.* at *2–3.  Considering arguments nearly identical to those made by Helix here, the court in *Greenwood* denied defendant's motion to dismiss. *See, e.g.*, *id*. at *3 ("I conclude that any possible violations of the Controlled Substances Act are not relevant to whether the FLSA's protections apply to Plaintiff. . . .  There is no inherent conflict between the FLSA's requirements and the Controlled Substances Act's prohibition of marijuana.").

Like the district court in *Greenwood*, we are not drawing any conclusions about the merits of Mr. Kenney's FLSA claims.  We hold only that Mr. Kenney and similarly situated individuals are not categorically excluded from FLSA protections. Accordingly, we AFFIRM the district court's denial of Helix's motion to dismiss.